## Huston v. Iowa County.

1. **Bridges:** LIABILITY OF COUNTY: NEGLIGENCE. Counties are liable for injuries resulting from the negligent construction of bridges or the failure to keep them in repair, even in the absence of a statute.

2. ———: ———: ROAD SUPERVISOR. Nor can a county escape such liability by showing, in a given case, that the accident occurred through the unsoundness of a plank which the road supervisor might have replaced.

*Appeal from Iowa Circuit Court.*

MONDAY, JUNE 12.

THIS is an action to recover for injuries sustained by falling through a bridge. The cause was tried by the court, who, at the request of counsel, submitted a finding of facts, which is as follows:

" W. Huston, plaintiff, in the exercise of ordinary care, on or about the 25th of August, 1872, was driving his team with buggy attached upon and over Bear Creek bridge, situated in Marengo township, in Iowa county, Iowa, constructed by and erected by defendant upon a county road at its crossing of Bear creek, out of the bridge fund of said county; that when near the end of the bridge, on a portion thereof consisting of trestle work with cross beams and sleepers, planks being laid across in a loose and defective manner, and of bad material taken from an old bridge out of use, and put in as repairs for a temporary purpose, his team fell partially

through at a point four feet above ground, and in their efforts to extricate themselves and regain a footing upon the bridge upset plaintiff's buggy, threw him out, dragging him underneath one wheel until they became detached from the buggy and ran off, whereby the plaintiff's wrist and arm were dislocated, and severe bruises received in the breast, causing him severe pain and detention from active business for a period of from four to six weeks, and also destroying his business and partially destroying his buggy; that plaintiff's harness and buggy were damaged to the amount of one hundred dollars; that plaintiff at the time was actually engaged in the practice of his profession (medicine and surgery), in a busy season of the year, and his practice was worth in cash to him at the time from $5 to $40 per day; that by reason of his injuries his practice fell off during their continuance to say from $3 to $15 per day, and his best patients were necessarily turned over to others; that for a period of two weeks the plaintiff suffered severe pain and bodily discomfort, and by reason of his loss of time and practice he lost three hundred dollars necessarily, and pain and discomfort for which one hundred dollars is small compensation; that the said bridge had been generally and continually out of repair for some time previous to the accident, within the knowledge of the board of supervisors, of plaintiff, and of one —— ——, who acts as their bridge agent for that part of the county; that previous to the accident defendant had made an appropriation to repair the same, which had been partially done, but with bad material and in a defective manner; that the sleepers of the bridge were of round logs flattened off to the depth of say one inch on the top, and the plank laid thereon; that the flattening barely reached through the sap wood, which had rolled off leaving the logs almost round; the plank were old, taken out of one old bridge in which they had been laid diagonally;      *  ·  *     *     *      but in this bridge the plank were laid on at right angles to the thread of the bridge and parallel to the thread of the stream, and so the expedient was resorted to of turning them around, and some of them over;      *     *     *      that owing to

the nature of the plank and the way they were laid on, and their imperfect and partial bearing on the round logs or sleepers on which they rested, the plank were continually coming loose, but that the plaintiff did not know that the bridge was unsafe at the time he attempted to cross; that the road supervisor of the district in which the bridge was situated had been notified to repair same, and had in fact done so at times, but had not sufficient funds to repair the whole bridge or near it, and put it in good condition, owing to its great length; but that he had sufficient funds to have repaired the particular portion at which the accident occurred, that is, the sleeper or log on which the plank rested, and the plank which were loose thereon where the accident occurred, which could have been made good and new for a few dollars; that the defendant, having knowledge of the defective condition of said bridge which it had erected, was guilty of negligence in not having the same made safe; that by proper care by defendant said accident would not have occurred, and the plaintiff exercised ordinary care and reasonable caution in crossing said bridge in an easy and slow walk, and by reason of defendant's negligence has suffered loss to the extent of five hundred dollars, as claimed in the petition."

Upon these facts the court rendered judgment for plaintiff for five hundred dollars and costs. The defendant appeals.

*Rumple & Lake*, for appellant.

*Hedges & Murphy*, for appellee.

DAY, J. — I. Appellant urges that a county is not liable for damages arising out of a neglect to repair highways or bridges, unless the action be expressly given by statute. It is conceded that the doctrine announced by this court in *Wilson & Gustin v. Jefferson County*, 13 Iowa, 181, and since followed in numerous other decisions of this court, is directly opposed to this position; but it is claimed that these decisions conflict with the doctrine upon the subject announced in other States

<span style="font-variant: small-caps">1 bridges: liability of county: negligence.</span>

We have no inclination now to review, either. for the purpose of fortifying or overturning a case which has for so long a time, in so many instances, and in so deliberate a manner, been sanctioned and followed. For a very late utterance upon the subject, see *Moreland v. Mitchell County*, 40 Iowa, 394.

II. It is urged in the next place that judgment should not have been rendered against the county because the evidence shows that there was no negligence on the part of the county. We have examined the testimony carefully, and we are satisfied that upon this point it fully sustains the findings of fact submitted by the court.

III. It is further urged that the evidence shows the defect was such as was in the power and within the means of the road supervisor to have remedied. The testimony shows that 2. ——: ——: the entire bridge was out of repair, and that because of its length the road supervisor had not control of sufficient means to repair it. True, the road supervisor might have put a sound .timber in the place of the one which actually broke and caused the injury. But when a bridge is rotten and unsafe, it will not do to let the county escape responsibility by showing that the road supervisor had the means to put a new plank in the place of the one which actually in a given case broke and caused the injury. If that plank had been repaired, *non constat*, some other one would have broken.