Filed March 3, 1892.

---

No. 246.

## The Board of Commissioners of Greene County v. Boswell.

County.— *Unhealthy Jail.—Non-Liability of County.*—In caring for prisons a county exercises a part of the police power of the State, and is not liable for the failure of the board of county commissioners to keep the county jail in a healthy condition.

From the Greene Circuit Court.

*A. G. Cavins* and *W. L. Cavins*, for appellant.

*J. T. Beasley* and *A. B. Williams*, for appellee.

New, J.—This is an action by the appellee against the appellant to recover damages for injuries alleged to have been received by him by reason of the negligent manner in which the county jail was constructed and maintained.

It is alleged in appellee's complaint that because of non-payment of a fine and costs, he was duly committed to the jail of Greene county, in the State of Indiana, for a period of six weeks; that by reason of the foul and unhealthy condition of said jail, his health was greatly and permanently injured, to his damage five hundred dollars. The cause of the foul and unhealthy condition of the jail is particularly described.

A demurrer to the complaint was overruled, and exceptions taken. An answer of general denial to the complaint was then filed, and the cause submitted to the court for trial without the intervention of a jury. There was a finding and judgment for the appellee in the sum of twenty-five dollars.

The appellant assigns as error the overruling of the demurrer to the complaint.

At the last term of the Supreme Court of this State, in the case of *White* v. *Board, etc.*, 129 Ind. 396, the question involved in the present case, or raised by the demurrer to the complaint, was decided adversely to the view which is now urged by the appellee. In the case to which we have referred it is said that " The care of the county prison is committed to the county officers in order to enable the county to discharge its duties as a governmental subdivision. ₊The governmental power under which the care and control of prisons fall is the great one commonly called the *police* power. In caring for prisoners, a county exercises part of this great power by virtue of its delegation by the Legislature, and it is no more liable for the wrongful or negligent acts of the officers in immediate charge of a prison than is the State for tortious conduct of officers placed in charge of the prisons controlled by the State directly."

In support of the conclusion reached, the Supreme Court cites, among other authorities, Dillon Munic. Corp. (4th ed.), sections 957, 974, where the principle is announced that officers, although elected or appointed by a municipal corpora-

tion, if such election or appointment is in obedience to a statute to perform a public service, not peculiarly local or corporate, but because the mode of selection has been deemed expedient by the Legislature in the distribution of the powers of the government, if they are independent of the corporation as to the tenure of their office and the manner of discharging their duties, are not to be regarded as the agents or servants of the corporation, but as public or State officers, with such powers and duties as the statute confers upon them; that the corporation is not liable for the acts or negligence of such officers; that in such a case the doctrine of *respondeat superior* is not applicable.

This doctrine has been approved in other cases by the Supreme Court of this State, as also by this court. See *Summers* v. *Board, etc.,* 103 Ind. 262; *Abbott* v. *Board, etc.,* 114 Ind. 61; *Park* v. *Board, etc.,* 3 Ind. App. 536; *Marion Civil Township* v. *Berryman,* 3 Ind. App. 344; *Town of Laurel* v. *Blue,* 1 Ind. App. 128.

The conclusion reached by the Supreme Court in the case of *White* v. *Board, etc., supra,* and which has our approval, is supported by the following authorities: Cooley Const. Lim., sections 256, 257; 1 Sherman and Redfield Law of Negligence, section 253; *Calwell* v. *City of Boone,* 51 Iowa, 687; *Kincaid* v. *Hardin County,* 53 Iowa, 430; *President, etc.,* v. *Schroeder,* 58 Ill. 353; *Hollenbeck* v. *Winnebago County,* 95 Ill. 148; *Pfefferle* v. *Board, etc.,* 39 Kan. 432; *Buttrick* v. *City of Lowell,* 1 Allen, 172; *Watkins* v. *County Court,* 30 W. Va. 657; *Maxmilian, etc.,* v. *Mayor, etc.,* 62 N. Y. 160; *Commissioners, etc.,* v. *Mighels,* 7 Ohio St. 109; *Manuel* v. *Commissioners, etc.,* 98 N. C. 9.

The judgment is reversed, with instructions to sustain the demurrer to the complaint.

Filed March 3, 1891.