S. A. JAMES·V. TRUSTEES OF WELLSTON TOWNSHIP, *a Municipal Corporation.*

(Filed February 13, 1907.)

**TOWNSHIPS—Liability for Defective Highways.** In the absence of express statute imposing a liability on townships for injuries sustained from defects in highways, such townships, in this territory, are not liable in a civil action for damages for neglect of of public duty in failing to keep the highways in a safe and proper condition.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before John H. Burford, Trial Judge.*

*Ira E. Billingslea,* for plaintiff in error.

*A. J. Rittenhouse, Geo. B. Rittenhouse,* and *J. S. West,* for defendant in error.

STATEMENT OF FACTS.

This was an action brought in the district court of Lincoln county by the plaintiff in error against the defendant in error, to recover the sum of $5055.00 for injuries sustained in a runaway accident on the 3rd of April, 1905. The petition alleges that the accident was caused, and the injuries complained of, sustained by reason of a defective highway of defendant township. · A demurrer was interposed to the petition in the court below, and was sustained by that court.

The plaintiff in error refusing to plead further, judgment was rendered in favor of the defendant in error, whereupon the plaintiff duly filed his petition in error in this court, alleging error in the ruling of the court on the demurrer.

Opinion of the court by

IRWIN, J.: As the main point in contention in this case is as to liability of a township for failure and neglect of its officers in failing to keep in repair the roads and bridges in the township, and as the petition in this case places plaintiff's right to recover solely upon this ground, it will be unnecessary to set out the petition in full. The objection raised by the defendant in error in the court below to plaintiff's right to recover, was that the petition stated no cause of action. It was contended by the plaintiff that as the law invested the corporate trustees of the township with the power and charged them with the duty of maintaining and keeping in repair the highways of said township, that in case of failure or neglect to perform that public duty, they thereby became liable in damages to any person who might sustain injuries, in consequence of their failure to keep the highways in repair. This proposition was denied by the defendant, and this raised the issue, and the only issue necessary to be considered in determining this case. In deciding this proposition, it is necessary that it be constantly borne in mind the distinction which exists in the law between municipal corporations, such as incorporated cities and villages, and what is known as *quasi* corporations, such as counties, townships, school districts, and the like.

In some states it is held that municipal corporations proper, are, without any express statutory provisions to that

effect, liable for all injuries caused by defective highways, on the theory that being invested with the exclusive control over the highways within their limits, and having ample power to raise money for their construction and repair, it is their duty to keep the highways in a reasonable and safe condition, for failure to perform which, they are subject to corresponding liability. But, on the other hand, it has been held that *quasi* municipal corporations are not liable for defects in the highways, unless they are expressly made so by statute. The theory on which they are distinguished from municipal corporations proper, being generally stated to be that they are mere agencies of the state. We think the correct theory on which it is held that *quasi* corporations, such as counties and townships are exempt from liability is that they are but auxillary parts of the sovereignty. The sovereignty is vested in the state for the purpose of carrying out the political powers of the state, and for convenience, the state is divided into counties, the counties are divided into townships, and the townships are divided into road districts. These subordinate divisions being merely component parts of the great body politic of the state, and as public policy would dictate that the state, for a failure to perform a public duty would not be liable in civil damages to a citizen, the same rule would apply as to subordinate political subdivisions of the state. It might be urged that no distinction reasonably exists between the case of a municipal corporation, which is ordinarily held liable in damages for failure to perform these duties, and counties and townships. But we think the distinction is that in such municipal corporations as incorporated cities and villages, the power creating such munic-

ipal corporation and defining their powers, places the en-
tire subject in their charge.   They are not only invested with
the power, but they are charged with the duty of keeping
and maintaining the streets and highways within their limits,
and they are also given power to provide the necessary means
to discharge this duty, and are clothed with authority to levy
taxes to meet the emergencies that necessarily would arise
in consequence of their being charged with liability for dam-
ages.    And while, in some respects, and to a limited degree,
townships in this territory are clothed with authority to levy
taxes and pay a certain person to assess and collect taxes for
road and bridge purposes, still there is no statute which au-
thorizes the township officers generally to impose and collect
taxes, and no provision is made for collecting taxes such as
would be necessary to meet the demands that would necessar-
ily be made upon such township, if they were held liable for
damages in such cases.   We think a distinction should be ob-
served between proper aggregate corporations, and the in-
habitants of any district who are by statute invested with
particular powers without their consent; in the books such
as are some times called *quasi* corporations, and of such are
the counties and townships of this territory. A county is a mere
local sub-division of a state created by it, without the request
or consent of the people residing therein.   They do not receive
any special favors, privileges or benefits, but the law imposes
upon them burdens which they are required to carry out in
the interest of the state which created them.   From the ear-
liest history of the country to the present time the decisions
of the courts have been almost unanimous in holding that
counties and townships and other *quasi* municipal corpora-

tions are not liable at common law for injuries sustained by reason of a failure to repair highways or bridges, and are only held liable when the liability is created by statute. Now, in the case at bar, it is conceded that there is no statute of this territory expressly creating this liability, hence if a liability exists, it must have existed at common law. Perhaps there is no other question that has received more frequent consideration by the courts of this country than this one, and none where the decisions have been more in harmony and of one accord. It is true that there are three or four states holding adversely to this contention, notably, Iowa, Maryland, and Pennsylvania. But we think an examination of the authorities will convince that the great weight of authority is with the doctrine of the non-liability of townships under the conditions set forth in this petition. The supreme court of the state of Maine, in the case of *Sanford v. Augusta Township,* reported in the 32 Me. page 536, in a case against the township, held that a recovery could be had only because the action is given by statute, and expressly held that there is no common law liability.

In the case of *Vail v. Town of Amenia,* reported in the 4th S. D. page 239, the supreme court of that state says:

"While the duty to repair and maintain highways and bridges may, in this state, devolve upon civil townships, and while such townships may, within certain limits be empowered to raise revenues for such purposes, yet, in the performance of such duty the township acts as the intermediator of the state, and in the absence of any statute fixing the liability, the township shares with the state that immunity from liability from the act or negligence of its officers which the state enjoys. The fact that in this state civil townships are

organized only on petition of a majority of the resident voters therein, does not change the rule of non-liability."

The supreme court of the state of Kansas, in the case of *Eikenberry v. Bazaar Township,* reported in 22 Kansas, 389, which was an action brought by Emeline Eikenberry, September 3, 1878, to recover from the township of Bazaar, Chase county, damages for personal injuries alleged to have been occasioned on account of the impassibility of a public highway. To this petition the township demurred and the demurrer was sustained by the court to which the plaintiff excepted and brought the case to the supreme court for review. In the opinion, written by Horton, C. J., the court says:

"The principal question presented is whether a township in this state is liable for injuries caused by unsafe and defective highways? In the absence of an express statute imposing a liability, the authorities uniformly hold that organizations such as counties, townships, school districts, road districts, and the like, though possessing corporate capacity and power to levy taxes and raise money, have been considered not to be liable for neglect of public duty.

"The theory of these various decisions is in effect that such organizations, though corporations, exist as such only for the purpose of the general political government of the state; that all the powers with which they are entrusted are the powers of the state, and all the duties with which they are charged, are the duties of the state; that in the performance of governmental duties the sovereign power is not amenable to individuals, and therefore, these organizations are not liable at common law for such neglect, and can only be made liable by statute. Cooley on Torts, 622, 2 Dillon Municipal Corporations, 761-763, *Town of Waltham v. Kemper,* 55 Ill. 346; *Commissioners of Hamilton County v. Mighels,* 7 O. S.

109.   As our state has not adopted any statute expressly making townships liable for injuries on highways, resulting from neglect of public duty, these organizations are not, under the authorities, liable in civil actions for neglect in that regard.

"Counsel for plaintiff in error cite the decisions of this court that cities having power conferred on them in reference to streets and sidewalks which in some respects are similar to the powers granted townships, are liable for injuries resulting from failure to keep their streets and sidewalks in safe condition, and assert that logically the same doctrine should be applied to townships.   Counsel fail to note the distinction between municipal corporations, proper, and *quasi* corporations.   This distinction is pointed out and commented on in *Beach v. Leahy,* 11 Kansas, p. 23.   Cities, towns and villages are municipal corporations, proper, while counties, townships, school districts, and road districts are *quasi* corporations.   The difference between these two classes of corporations is well established, and a principle applicable to one class is not necessarily applicable to the other.

"The order and judgment of the district court will be affirmed."

This question was again brought squarely to the attention of the Kansas supreme court and they were asked to review this doctrine, to reverse it, and lay down a contrary doctrine in a subsequent case.   This subsequent case was discussed in a masterly manner, and presented by an able lawyer who urged before the Kansas supreme court the same contention that is raised in the brief of plaintiff in error in this case.   Judge Doster, of Kansas, who was then a practicing attorney, in the case of *Marion County v. Riggs,* reported in the 24 Kans. page 188, took up this case of *Eikenberry v. Bazaar Township,* criticized it, and urged the Kansas supreme court to reverse its rulings and lay down a different

doctrine.   The case of *Board of Commissioners of Marion County v. Riggs,* was an action brought by Marion Riggs against the board of commissioners of Marion county, and the city of Florence, to recover damages to certain live stock belonging to plaintiff, by reason of an unsafe and defective public bridge in said county.   The petition stated in substance, that the bridge in question was built by the county of Marion, at a cost of over two hundred dollars; that it was a part of the public highway of the county; that it was impaired and unsafe for public travel; that the plaintiff without any knowledge of its impairment and unsafe condition drove his cattle and other live stock thereon; and that, while they were crossing said bridge, it broke down, because of its impaired condition, and killed and injured a large number thereof. Riggs asked judgment against the defendants for $200. with interest thereon at the rate of seven per cent. per annum, from September 19, 1876, and for costs.   Trial by the court at the April term, 1879, and judgment for the plaintiff and against the defendant board of commissioners for $175.00 and costs.   And in presenting the case to the supreme court, Judge Doster, who was then counsel for defendant in error, Marion Riggs, stated to the court:

"It seems to be generally admitted that municipal corporations proper, such as cities, are liable, without a statute imposing such liability and, numerically considered, the weight of authority is probably to the effect that *quasi* corporations, such as counties, are not liable without being made so by statute.   The reason for this distinction is not satisfactory to some of the most learned and eminent judges and authors.   If, on principle, and without a statute either a county or a city is responsible in damages for the neglect of

its officers to repair a highway or a bridge, it can only be so because the duty to repair is imposed by law, and provision for its discharge made in the revenue statutes. This seems to be a sufficient reason. It was recently so held by the supreme court of Indiana, in a case precisely in point, in which the authorities were reviewed in an exceptionally able and satisfactory opinion, and a county decided to be responsible for damages occurring from a defective bridge."

He cited in support of the proposition: *House v. Montgomery County,* 60 Ind. 580; *Wilson v. Jefferson County,* 13 Iowa 181, and numerous other Iowa decisions. After this able presentation of the case by Judge Doster, in the supreme court, Chief Justice Horton rendering the opinion for the court, says:

"The only question presented in this case is whether a county is liable for damages accruing from a defective and unsafe bridge, built by the county as a part of the public highway. It is conceded by counsel that there is no express statute imposing any liability; therefore, the question must be answered in the negative upon the authority of *Beach v. Leahy,* 11 Kans. 23, and *Eikenberry v. Township of Bazaar,* 22 Kans. 556.

"Counsel suggests that, if it be held that the case of *Eikenberry v. Township of Bazaar, supra,* is applicable, that, in view of the decisions in *House v. Montgomery County,* 60 Ind. 580, and in *Wilson v. Jefferson Co.,* 13 Iowa 181, and *Huston v. Iowa Co.,* 43 Iowa 456, this court ought to re-examine the question on principle. Counsel further contends that, as this court has decided that municipal corporations proper, such as cities, are liable for damages resulting from the negligent exercise and control over the streets and sidewalks, within their limits, without any statute imposing such liability, it follows logically that counties are equally liable. We are aware of the diversity in the decisions in respect to

the liability of a county in neglecting to keep in repair bridges and highways, and the difficulty of stating clearly and satisfactorily the principle upon which to rest the distinction between the implied liability of cities and counties. If the writer of this opinion deemed the question an open one, in this state, and felt at liberty to pass upon the subject solely in accordance with sound reason, he would deny the liability of even cities in neglecting to exercise their control and care over streets and sidewalks, or for their imperfect execution of such power. Their implied liability, however, has been generally recognized by the decisions of other states, and has been for a long time followed by this court, and ought not now to be abandoned because the reasons given for its original adoption are not satisfactory. See *Jansen v. Atchison,* 16 Kan. 358, and especially the remarks and authorities cited in brief of counsel of defendant in error (pages 360-375).

"The distinction between the implied liability of cities and of *quasi* corporations, like counties, has been recognized in this state by prior adjudiciations; and whether properly or not, we need not inquire, in view of the fact that a new examination of the question before us, on principle, convinces us of the entire correctness of our ruling in *Eikenberry v. Township of Bazaar, supra,* and the principle there announced is decisive against the claim of defendant in error. The conclusions reached in *House v. Montgomery Co.,* 60 Ind. 580, are not satisfactory to us.

"In the late case of *Kincaid v. Hardin Co.* 11 Cent. Law J. 227, the supreme court of Iowa refused to extend the liability of a county to a case where a person was injured by reason of the negligent construction of a court house. Yet the distinction, in principle, between an injury resulting from a defective county bridge, and one caused by a defective and improperly constructed court house, is not very easily demonstrated. In the conclusion of the opinion, it is stated that,

if the liability of *quasi* corporations is further extended in that state, it must inevitably lead to inextricable complications arising in actions for all possible negligent acts. This is virtually a confession that the rule previously adopted in that state as to the implied liability of counties is a dangerous doctrine, and if followed to its logical results, would cause confusion worse confounded.

"The judgment of the district court will be reversed."

So it will be seen that after mature deliberation, close scrutiny and a careful investigation of the subject, the Kansas supreme court has laid down as the fixed law of that state, the doctrine that in the absence of statutory enactment, there is no liability on the part of the townships for defects resulting from defective highways.

The supreme court of California, in the case of *Barnett v. County of Contra Costa*, reported in the 7 Pac. 177, in an opinion rendered by Justice Ross, says:

"In the United States there is no common law obligation resting upon *quasi* corporations, such as counties, townships and New England towns, to repair highways, streets, or bridges, within their limits, and they are not obliged to do so unless by force of statute. Even when the legislature enjoins upon corporations of this character the duty to make and repair roads, streets, and bridges, and confers the power to levy taxes therefor, the general tenor of the decisions is to treat this as a public and not a corporate duty, and to regard such corporations in this respect as public or state agencies, and not liable to be sued civilly for damages caused by the neglect to perform this duty, unless the action be expressly given by statute. 2 Dillon Mun. Corp. §996. Such is the rule in this state. *Sherbourne v. Yuba Co.*, 21 Cal. 113; *Huffman v. San Joaquin Co. Id.*, 427; *Crowell v. Sonoma Co.*, 25 Cal. 313; *Winbigler v. Los Angeles*, 45 Cal. 36.

"It is said for the plaintiff that the legislature by section 50 of the act entitled 'An Act Concerning Roads and Highways in Contra Costa County.' (St. 1875-76, p. 237) has made that county responsible in damages for injuries resulting from defective bridges therein. The section reads as follows:

' "The county is responsible for providing and keeping passable and in good repair bridges and all public highways; and the supervisors must appoint semi-annually a special meeting, at which the road overseers, on days set apart for their respective districts, may hear highway and bridge reports and complaints from officers and citizens, when such orders must be made and such action had regarding the same as the public welfare demands.'

"It is not an easy matter to say exactly what this language does mean, but we are inclined to think that its effect which is in harmony with previous provisions of the act simply is to put upon the county, through its supervisors and road overseers, the responsibility and duty of keeping passable and in good repair all bridges and public highways within the county. It certainly does not say that the county shall be responsible in damages for a failure to keep the bridges in repair, nor, in our opinion, is such the effect of the language used. The rule that the county was not responsible for injuries in such cases was firmly established by the decisions in this state at the time the act in question was passed; and if the legislature had intended to alter it, it is to be presumed that it would have used appropriate language for the purpose. Certainly, it ought not to be held that an established rule of law has been changed by doubtful and ambiguous language."

The supreme court of Colorado, in the case of *Board of County Commissioners of El Paso County, v. Bish,* reported in the 33 Pac. page 184, which was an action brought by Sarah A. Bish against the board of county commissioners of

El Paso county to recover damages for personal injuries. Judgment was rendered in favor of plaintiff, defendant appealed, and in reversing the lower court, Chief Justice Hayt, in rendering the opinion for the court, says:

"The question presented is, are counties in this state liable for personal injuries occasioned through the negligence of county officers in the construction and repair of bridges? The rule that counties are not liable for torts, in the absence of statute, is universally acknowledged; and the great weight of authority is in favor of the conclusion that even when a duty is imposed by statute the county is not liable for failure to perform it, in the absence of express provision creating such liability. The cases sustaining the latter conclusion are so numerous that space will not permit of their citation in this opinion. They will be found collated in part, in the notes on page 364 of the fourth volume of the American and English Encyclopedia of Law, and also in note 1, p. 303 of Cooley's Constitutional Limitations.

"In the states of Iowa, Maryland, Indiana, and Pennsylvania, this latter conclusion has been repudiated, and an implied liability declared to result, under certain circumstances, from the failure on the part of county officers to perform a statutory duty; but a contrary rule has been so well recognized by the courts of this country, that it may well be considered to be too firmly established to be changed except by constitutional or legislative enactment. The uncertainty that must necessarily follow from a failure to follow the general rule by the courts is well illustrated by the decisions of the supreme court of Iowa. In a number of cases the court had held counties liable for injuries resulting from defective bridges, while in the case of *Kincaid v. Hardin, Co.* 53 Iowa, 430, 5 N. W. Rep. 589, it was decided that the county was not liable for an injury caused by a defective and improperly constructed court house. The distinction attempted to be drawn by that court is that counties were compelled to

build courthouses, while the building of bridges was optional. But we fail to see any difference in principle between the two cases. In concluding the opinion in the latter case, the court announces that it is unwilling to extend the liability of counties further than already obtains, as by so doing inextricable complications would result, in actions for all possible negligent acts. Of this language the supreme court of Kansas says:

" 'This is virtually a confession that the rule previously adopted in that state as to the implied liability of counties is a dangerous doctrine, and, if followed to its logical results, would cause confusion worse confounded.' *Board v. Riggs,* 24 Kan. 188.

"The judgment of the district court is reversed."

But counsel for plaintiff in error insist that the Indiana supreme court have laid down a different rule in the case of *House v. Commissioners,* 60 Indiana, 580. But if counsel will take the pains to read the later case of *Jasper County v. Allman,* reported in the 142 Ind. 573, in which that court overrules the case of *House v. Montgomery County,* and also if he will read the case of *Johnson County v. Reneir,* he will find that the Indiana supreme court has adhered closely to the rule laid down by the Kansas supreme court. In this latter Indiana case, in the opinion by Chief Justice Wiley, we find this language:

"It is now the settled law of this state that counties are not liable for damages resulting to travelers on public highways on account of defects therein, resulting from the negligence of their officers. It is the recognized rule in this and many of the states of the union that a county is a subdivision of a state for governmental purposes, and is not

liable for the negligence of its officers, unless a right of action is expressly granted by statute. In *Board v. Allman,* 142 Ind. 573, 42 N. E. 206, (which is the case above referred to of *Jasper County v. Allman,*) Monks, Judge, speaking for the court said:

"It is a well settled proposition that when sub-divisions of a state are organized solely for a public purpose by a general law, no action lies against them for an injury received by anyone on account of the negligence of the officers of such sub-division, unless a right of action is expressly given by statute; that such sub-divisions as counties and townships are instrumentalities of government, and exercise authority given by the state, and are no more liable for the acts or omissions of their public officers than the state."

And in support of this doctrine, that learned judge cites the following cases:

*Cones v. Board* 137 Ind. 404, 37 N. E. 272; *Morris v. Board,* 131 Ind. 285, 31 N. E. 77; *Board v. Daily,* 132 Ind. 73, 31 N. E. 531; *Smith v. Board,* 131 Ind 116, 30 N. E. 949; *White v. Board,* 129 Ind. 396, 28 N. E. 846; *Abbett v. Board,* 114 Ind. 61, 16 N. E. 127; *Freel v. School City of Crawfordsville,* 41 N. E. 312; *Summers v. County,* 103 Ind. 262, 2 N. E. 725; *Board v. Boswell,* 4 Ind. App. 133, 30 N. E. 534; *Finch v. Board,* 3 Ohio, S. 37; *Ford v. School Dist.* 121 Pa. St. 543, 15 Atl. 812.

In answer to the contention of counsel for plaintiff in error that the supreme court of Texas had laid down a rule at variance with the doctrine herein expressed, we call attention to the case of *Heigel v. Wichita County,* reported in the 84 Texas 392, 19 S. W. 562. Judge Gaines, in delivering the opinion of that court, among other things, says:

"It is apparent from the above citations, that there is an overwhelming weight of authority in favor of the proposition that counties as a rule are not liable at common law for injuries resulting from the neglect of their officers or agents. The grounds upon which the decisions are based are not uniform. Counties are not corporations in the fullest sense of that term. They are commonly called *quasi* corporations. They are created by the state for the purpose of government. Their functions are political and administrative, and the powers conferred upon them are rather duties imposed than privileges granted. Cities, on the other hand, are deemed voluntary corporations, and while they exercise political functions, it is considered that their charters are granted not so much with a view to the interests of the public, as for the private advantage of their citizens. It is upon this distinction that the courts ordinarily base the difference in the rule of liability, as applied to municipal corporations proper, and to *quasi* municipal corporations such as counties and townships. Other courts hold that since a county is but a political sub-division of the state, a suit against a county is in effect a suit against the state, and that, therefore, an action will not lie without the consent of the legislature. But upon whatever ground it should be placed, it is fairly well settled that in cases like this cities are liable and counties are not, and we therefore feel constrained by the authorities to hold that the petition under consideration showed no cause of action against Wichita county."

So we think it can be safely said that the only states who at this time seem to hold to a contrary doctrine from that laid down in this opinion are the states of Iowa, Maryland, and Pennsylvania. And, from later decisions, and from the trend of judicial holdings in the state of Iowa, it would seem that that state is beginning to see the error of its ways.

as in the case of *Kincaid v. Hardin County*, the supreme court of Iowa, speaking through Judge Rothrock, says:

"We are required to determine in this case whether a county is liable in damages to a person injured by reason of the negligent construction of a court house, and because of negligence in not lighting an unguarded and dangerous stairway leading to a court room. If in the discussion of the question, regard is to be had to adjudicated cases, it must be held that no such liability exists. See 2 Dillon Mun. Corp. Sec. 762; Cooley's Constitutional Limitations 246; 2 Addison on Torts, 1298. A large number of authorities are cited by the learned authors, and in Addison on Torts, it is said: 'A plainly marked distinction is made, and should be observed between municipal corporations proper; as incorporated towns, villages, and cities, and those other organizations such as counties, townships, school districts, and the like, which are established without any express charter or act of incorporation, and clothed with but limited powers. These later political divisions are called *quasi* corporations, and the general rule of law is now well settled, that no action can be maintained against corporations of this class by a private person for their neglect of public duty, unless such right of action is expressly given by statute.'

"This court years ago held that a county was liable for an injury to a person caused by a defective county bridge, *Wilson & Guston v. Jefferson County*, 13 Iowa, 181. That case has been followed in a number of other cases down to the present time, although exhaustive arguments have been made insisting that it should be overruled, as against not only the weight, but the whole current of authority. It is insisted by counsel for appellant that the defendant must be held liable in the case at bar, because such liability rests upon the same ground and is controlled by the same principles as the cases involving liability for injuries caused by defective bridges. It must be admitted that a distinction in principle

between one injury resulting from a defective county bridge, and one caused by a defective and improperly constructed court house, is not very plain. But as the line of decisions in this state as to the liability for defective bridges stands almost, if not quite alone, as we have seen, we have no disposition to carry the doctrine further than is necessary to sustain the decisions of the court which have stood so long that it may be said they have the implied sanction of the law making power and the people of the state."

It will be seen by the wording of this opinion, that the only ground upon which the Iowa supreme court can possibly sustain the holdings of their supreme court, is by tradition. That the only redeeming feature of this doctrine is its antiquity. In other words, an untruth, repeated often enough, is accepted as a fact. So we are reasonably of the belief now that if this question was for the first time brought to the supreme court of Iowa, that their holdings would be in accordance with the views expressed in the opinion.

What was said by the Colorado supreme court in the case of *Commissioners of El Paso County v. Bish,* can be appropriately said of the case at bar. That is, that the court should take judicial notice of the area of the counties, and that the area in square miles of some counties would be almost equal to some small New England states but without possessing their wealth and population. The court should take judicial notice that in the spring time in Oklahoma is a season of excessive floods and in March, April and May, it some times occurs that almost every bridge and culvert in the county is washed away and almost every highway impassable, and neither the county or township has the means or money to make the necessary repairs. If the doctrine was

laid down as the settled law of Oklahoma that townships and counties were liable for injuries of the kind complained of in this case, such doctrine would create an endless amount of litigation. It is true that in some states, statutes have been passed creating the liability of counties and townships, but the states that have done so are old and well settled and were in possession at the time the law was passed, of good highways and bridges, and ample funds and sufficient number of officers to make repairs and maintain at any time the highways and bridges in good condition, and such states have uniformly made provision for the levy of sufficient taxes to meet the demands and emergencies of such liability. It seems to us the better rule would be that which is supported by the great weight of authority on the subject, as well as supported by the stronger reasoning, that is, that no such liability exists until such liability is fixed by legislative or constitutional enactment, and when the legislature, in its wisdom sees fit to create this liability, then, and not until then will we be bound to enforce such a rule.

Having examined the entire record, and finding no error therein, and believing that the action of the district court in sustaining the demurrer was in accordance with the true principle of law, the decision of the district court is affirmed, at the costs of the plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.