THURMAN et al. v. CONSOLIDATED SCHOOL DIST. NO. 128, TURPIN, OKL., et al.

No. W–90.

United States District Court
D. Kansas.

Dec. 28, 1950.

William P. Thompson and H. E. Jones (of Hershberger, Patterson & Jones), Wichita, Kan., for plaintiffs.

Douglas Hudson (of Hudson & Hudson), Fort Scott, Kan., and William C. Hook, Lawrence Weigand and William C. Kandt (of Depew, Stanley, Weigand, Hook & Curfman), all of Wichita, Kan., for defendants.

MELLOTT, Chief Judge.

Complaint was filed March 18, 1950, seeking the recovery, on behalf of minors, of damages for injuries alleged to have been sustained on or about May 20, 1949, as the result of a collision of motor vehicles on a public highway near Kingman, Kansas. Three vehicles were involved: the automobile in which the plaintiffs were riding, a Buick coach automobile, and a 1947 Chevrolet 1-½ ton school bus owned by an Oklahoma school district. Separate acts of negligence are charged against the driver of the Buick coach and the driver of the school bus.

Service was made upon the defendants through the Secretary of State under sections 8-401 and 8-402 of the Kansas General Statutes of 1935. The named defendants are within one or more of the classes hereinafter indicated. The categories will be more understandable if a brief summation of the complaint is made.

All of the plaintiffs are citizens and residents of the State of Arizona. The defendant Garrison, driver of the Buick automobile, is a citizen and resident of Kansas. All other individual defendants are residents of Oklahoma. The two school districts are duly organized school districts of Oklahoma. The defendant Western Casualty and Surety Company is a corporation organized under the laws of the State of Kansas and issued a policy of insurance which was purchased and paid for by one of the school districts.

The charge in the complaint is that the school bus was being used to transport the members of the senior class of the Turpin, Oklahoma, High School on their senior trip, apparently to attend the auto races in Indianapolis, Indiana. In addition to the named members of the senior class, it appears that Maynard Smith and Betty Smith were acting as chaperons, Maynard Smith also being the driver of the bus. Three of the members of one of the school boards, viz., Ray Casady, Franzie Loepp, and Clifford Evans are named as participating in the trip; but it is not clear whether it is contended any of them was actually in the bus or with the driver and the children at the time the incident giving rise to the litigation occurred. With this introduction the court now classifies the defendants as follows:

### Class I

(a) Consolidated School District #128, Turpin, Oklahoma.

(b) Independent School District #128, Turpin, Oklahoma. (Alleged to be successor to Consolidated but date it became such not shown.)

### Class II

Ray Casady, director and member of school board, Class I (a), *supra*.

Franzie Loepp, clerk and member *idem*.

Clifford Evans, *idem*.

Ray Casady, director and member of school board, Class I (b), *supra*.

Franzie Loepp, clerk and member *idem*.

Clifford Evans, vice-president and member *idem*.

Dolph Young, member *idem*.

Floyd Myers, member *idem*.

Casady, Loepp and Evans are sued in their "official capacity" as members of the

board and also in their "unofficial capacity as * * * private individual[s]."

### Class III

Joyce Bennett, Dorothy Franz, Coeta Caldwell, Ora Mae Kinney, Layle Nolder Jimmy Hershey, Royce Lewis, Lina Gayle Harwood, and June Plett, members of senior class. (Most, if not all of this group are minors and appear by guardians or guardians ad litem.)

### Class IV

Maynard Smith and Betty Smith, chaperons, Maynard also being driver of the school bus.

### Class V

Harry Garrison, driver of the Buick.

### Class VI

Western Casualty & Surety Co., insurer under contract of insurance issued to Consolidated School District. (Class I (a), *supra.*)

The theory upon which plaintiffs seek to hold the defendants, other than Garrison, the driver of the Buick, is: (1) That Consolidated, the members of its board, both in their "official" and "unofficial" capacities, the school children, chaperons and driver, were engaged in a joint venture; therefore the negligence of the driver is "imputed" to each of them. (2) That Consolidated and the members of its board, in both of the capacities stated above, were negligent in: (a) authorizing and participating in an out-of-state excursion with the school bus in direct violation of the statutes of Oklahoma and applicable regulations; (b) permitting it to be on the public highways outside of the state when it was in a dilapidated condition and unfit for use as a conveyance of passengers; (c) permitting it to be on the public highways outside of the state with defective brakes; and (d) permitting Smith to drive it when they knew he was a reckless driver and suffered from faulty vision. Independent and the members of its board are alleged to be "successors to Consolidated * * * and the members of its * * *. board and * * * liable for any judgment

rendered" against them. Western Casualty & Surety Co. is said to be "liable directly" to plaintiffs "for any liability of Consolidated * * * or of its agents, servants or employees, acting within the scope of their employment * * *."

The Amended Motion to Dismiss, filed on behalf of the defendants named in Classes I, II, III and IV, is based upon the following grounds:

(1) That the complaint shows on its face the plaintiffs are citizens of Arizona and the moving defendants are citizens of Oklahoma; therefore, the defendants may be sued only in the judicial district where all of them reside;

(2) That the school districts are governmental subdivisions of the State of Oklahoma and "the operation of any vehicles by the school district and by its governing board constitute * * * a public governmental function, for which said school district and its governing body cannot be sued;"

(3) That if the school district as a governmental subdivision and the members of its governing body as such were otherwise subject to suit herein, the venue of such an action would lie only in the State of Oklahoma and in the state court or Federal District Court in which the school district is geographically located, and it is against public policy to permit such a suit, if otherwise allowable, to be filed elsewhere.

Following oral argument upon the motion, the parties were granted leave to file briefs. In one of defendants' briefs, motion was made to add the following ground:

(4) That the complaint discloses upon its face the alleged act of the board and of the named individuals in their official capacities, in authorizing and participating in the school bus excursion, was in direct violation of the statutes of Oklahoma and the regulations of the State Board of Education adopted pursuant thereto; and that the alleged act of the board and its members was wholly without authority, contrary to the law of Oklahoma, prohibited by statute and by regulation, and wholly *ultra vires* for which there is no legal liability.

Inasmuch as the parties have discussed the last-mentioned ground in supplemental briefs, it is proper for the court to give consideration to it. The motion to amend is accordingly granted.

The Kansas statutes to which reference has been made[1] provide generally that the acceptance by a nonresident person of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of Kansas is to be "deemed equivalent to an appointment by such non-resident of the secretary of state * * * [as his] agent, upon whom may be served all lawful process * * *." Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and especially paragraphs 1, 3 and 7 of subdivision (d) thereof, seem to have been followed in the service of summons. The amount in controversy exceeds $3,000, exclusive of interest and costs and the action is between citizens of different states.[2]

■ Section 1391 (a) of new Title 28, shown in the margin,[3] is relied upon by the moving defendants. Plaintiffs admit that this section, "if applicable, would give the moving defendants the privilege of being sued in the judicial district where either the plaintiffs or the defendants reside [and] the District of Kansas is not one of these." They contend, however, that the defendants waived venue in this court "when the school bus was operated negligently upon the highways" of Kansas, citing the Neirbo case.[4] The question is not free from doubt and seems not to have been squarely passed upon by the Supreme Court or the Court of Appeals for this (the Tenth) Circuit. This court, however, for present purposes, prefers to apply the rationale of Steele v. Dennis, D.C., 62 F. Supp. 73, and Morris v. Sun Oil Co., D.C., 88 F.Supp. 529, notwithstanding a contrary view seems to have been taken by other courts;[5] so the motion to dismiss upon the first ground will not be sustained.

The other grounds of the motion may be considered together. The complaint alleges that the bus was owned by Consolidated (Class I (a) and under the control of some of the defendants named in Class II. Apparently the bus had been acquired for the purpose of furnishing free transportation to pupils attending the schools in the district.[6] Recognizing that the operation of such vehicles is "a public governmental function,"[7] that school districts are but auxiliary parts of the sovereignty and, in the absence of express statute (none has been shown) are not liable for negligence, plaintiffs seek to subject the school district and its officers to damages by this somewhat circuitous line of reasoning: out-of-state excursions by a school bus are prohibited;[8] when permitted by a school district, such district is not then engaging in a governmental function and cannot rely on that ground for immunity from suit; the school district is then acting in a proprietary capacity and may be sued for its torts like any municipal, or private, corporation. Inferentially judgment, when rendered, would be payable out of funds derived from taxation. It is also contended upon brief that governmental

1. Sections 8-401 and 8-402 General Statutes of Kansas 1935, Process Against Nonresidents.

2. 28 U.S.C.A. § 1332.

3. "A civil action wherein jurisdiction is founded only on the diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

4. Neirbo Company v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167.

5. Martin v. Fischbach Trucking Co., 1 Cir., 183 F.2d 53, affirming idem, D.C., 9

F.R.D. 602. Davies v. Mahanes, 4 Cir., 183 F.2d 671.

6. 70 Oklahoma Statutes Annotated, Sec. 1194.

7. The quotation is from Section 16 of the School Code, Sec. 13, H.B. 292, S. L. 1939, 70 O.S.1941 § 1195l, which authorizes a school board to purchase insurance for the purpose of paying damages to persons sustaining injuries caused by the operation of such vehicles. Cf. Consolidated School District No. 1 of Tulsa County v. Wright, 128 Okl. 193, 261 P. 953, 56 A.L.R. 152.

8. Regulation State Board of Education, Nov. 2, 1945.

**620**

immunity of a political subdivision of Oklahoma from suit cannot be asserted outside of that state; that there is no requirement suits such as the one at bar be filed only in the courts of that state; and finally, that the fourth ground of the present motion cannot be sustained because the moving defendants "cannot rely upon the defense of *ultra vires* to defeat the ends of justice where their acts resulted in personal injuries and damages to the plaintiffs."

■ The court is constrained to sustain the motion on each of the last three grounds as to the defendants in Class I and as to those in Class II sued only in their official capacities. The second ground is good under Consolidated School District No. 1 v. Wright, cited in footnote 7. Cases cited by plaintiffs involving municipal corporations carrying on proprietary functions in other states—e.g., operating a water works plant—are clearly inapposite. Nor is the court convinced that the Supreme Court of Oklahoma, in holding in Joint School District No. 132 v. Dabney[9] that the corporate existence of a school district is just as complete as that of a city, town or village, intended that school districts should be subjected to actions for negligence.[10] It specifically reaffirmed shortly thereafter, in Consolidated School District No. 1 v. Wright, supra, [128 Okl. 193, 261 P. 954], that the words "may sue and be sued" did not authorize such actions but merely referred "to suits in respect to matters in the scope of its duties." The Dabney case is to be read in the light of the question before the court—whether the word "municipality" as used in the title to an act permitting the funding of bonds was broad enough to include a school district—; and if the court had intended to overrule the recent Wright case, it is reasonable to assume it would have done so in no uncertain terms. It would be anomalous, to say the least, if a school district which cannot be required to respond in damages when legally transporting its children to school, could be subjected to such damages because its board permitted such bus to be used in an illegal out-of-state excursion.

■ So far, discussion has been directed largely to the liability of the school district which owned the bus at the time the incident giving rise to the present controversy occurred. Much that has been said is apposite to its successor (Class I (b). Assuming, without deciding, that the latter was properly made a party defendant, its liability is no greater than that of its predecessor. Neither, in this court's studied judgment, may be required to respond in damages to the plaintiffs in this case.

The motion to dismiss will be sustained as to each of the school districts and the members of Class II sued in their official capacities. It will be denied as to the other moving defendants. Counsel for movants will prepare appropriate order for the court's signature. Settle in accordance with Federal Rules of Civil Procedure and the local Rules of Practice.

9. 127 Okl. 234, 260 P. 486.

10. Consolidated School District No. 1 of Tulsa County v. Wright, supra (footnote 7); James v. Trustees of Wellston Tp., 18 Okl. 56, 90 P. 100, 13 L.R.A.,N.S., 1219; Cf. United States v. Board of Commissioners of Grady County, Okl., 10 Cir., 54 F.2d 593.