MERZ v. DIXON (two cases).
Civ. Nos. T–185, T–200.

United States District Court
D. Kansas.

Jan. 25, 1951.

194

E. V. Bruce, Holton, Kan., F. A. Hebenstreit, and Jean B. Cain, Falls City, Neb., and Leonard O. Thomas, of Stanley, Stanley, Schroeder, Weeks & Thomas, Kansas City, Kan., for plaintiff.

L. M. Ascough, of Allen & Ascough, Topeka, Kan., and Sam Mandell, of Popham, Thompson, Popham, Mandell & Trusty, Kansas City, Mo., for defendant.

MELLOTT, Chief Judge.

These cases, arising from a collision of motor vehicles on a Kansas highway in which Merz' wife was killed (Case No. T–200) and in which he was injured (Case No. T–185), are before the court on motions to remand. The motions are similar, although there is a slight difference in the facts pertaining to the removals.

The plaintiff is a citizen of Nebraska and the defendant is a citizen of Washington. The actions were instituted in the District Court of Jackson County and service was made under the Kansas "long-arm" statute, pertinent portions of which are shown in the margin.[1] The question which seems to be important, and determinative

1. Under G.S.1935, 8–401, the operation of a motor vehicle on the highways of Kansas is "deemed equivalent to an appointment by such nonresident of the secretary of state * * * [as] his * * * agent, upon whom * * * [service of process may be made]; and * * * operation of said vehicle shall be a signification of his agreement that any such

process against him which is so served on the secretary of state shall be of the same legal force and validity as if served upon him personally within the state." Under § 402, supra, the judge, when showing is made as required by the action, orders "that service * * * be made * * * as provided" in § 401 and "that a copy of the process, and peti-

of the motion in No. T–185, is whether compliance was made by the removing party with subdivision (e) of § 1446 of the Revised Judicial Code,[2] and, if not, whether noncompliance requires remand. The court holds that the section was not complied with and that the motion to remand must be granted in No. T–185.

■■ The facts upon which the above conclusion is based are as follows: The verified petition and bond, required to be filed in this court under subdivisions (a) and (d) of § 1446, were filed July 21, 1950. Before that date, rather than *after* it as required by subdivision (e) shown in the margin, viz., on July 20, 1950, the written notice was served and the copy of the petition was filed with the clerk of the State court. The statute, therefore, which should be construed strictly,[3] was not complied with.

The dates shown in the schedule below are pertinent to the several grounds set out in the motion to remand in Case No. T–200:

| | |
|---|---|
| June 30, 1950. | Suit filed in the State Court. |
| July 1, 1950. | Order signed by Judge pursuant to "long-arm" statute. (Footnote 1.) |
| July 3, 1950. | Above order entered and summons issued to Secretary of State as agent for defendant. (Footnote 1.) |
| July 13, 1950. | Summons returnable. |
| July 7, 1950. | Summons served on Secretary of State. |
| July 13, 1950. | Copy of process, petition, order of court and notice (Footnote 1) mailed by registered mail to defendant. |
| July 18, 1950. | Above copies received by defendant. |
| August 3, 1950. | Petition and bond for removal filed in this court. |
| August 3, 1950. | Notice of filing given to counsel for plaintiff. |
| August 3, 1950. | Copy of petition filed in State Court. |

■ First it is suggested upon brief by counsel for movant that, inasmuch as the filing of the petition and bond in this court, the giving of the notice, and the filing of the petition in the State court all occurred on the same day, it should be assumed, in the absence of definite proof to the contrary, that the filing in this court preceded the taking of the other steps. The court declines to take such a narrow view, especially since counsel for the removing party stated in open court—and it has not been denied—that the giving of the notice and the filing in the State court occurred after the petition was filed in this court. The motion to remand, therefore, may not be sustained upon the first ground.

■ The second ground of the motion to remand is that the language of the verified petition filed in this court—"the action is of such nature as would give this court original jurisdiction in the first instance" —is untrue. In this connection it is pointed out the Kansas statute contemplates the filing of a petition "in one of the district courts of the state." Whether an action could be instituted in this court under the "long-arm" statute of Kansas need not be decided. Nor is the difficult question of

---

tion, and of said order, and a notice that the same have been served upon the secretary of state, * * * be delivered to the defendant by registered mail or personally without the state by a sheriff * * * in such state. Proof of such service shall be made by affidavit * * * and service shall be deemed complete thirty days from the date such personal service is made on the defendant. * * * "

2. Title 28 U.S.C.A. § 1446(e). "Prompt-

ly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

3. Cf. Peavey v. Reed Co., D.C., 1941, 41 F.Supp. 351; Coco v. Altheimer, D.C., 1942, 46 F.Supp. 321.

venue and waiver, discussed by the court in the case chiefly relied upon by counsel for movant,[4] reached. See, in this connection, a partial expression of this court's view in Thurman v. Consolidated School District et al., D.C., 1950, 94 F.Supp. 616. The question of the jurisdiction of this court is to be resolved by referring to the provisions of the Revised Judicial Code conferring jurisdiction on the District Courts in general.[5] The present suit·is a civil action where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between citizens of different states. It is, therefore, within the jurisdiction of this court under § 1332(a) (1) [6] and hence removable under § 1441.[7]

The third and last ground of the motion to remand is that the petition for removal was not filed within the time fixed by the applicable statute.[8] Movant argues that "the date of service on the Secretary of State is the date of the actual service and * * * the·petition for removal must be filed within twenty (20) days after that date." He relies upon the concluding sentence of Section 8-401, shown in footnote 1, making the operation of a motor vehicle on the highways of Kansas, "a signification of his [the owner's] agreement that * * * process against him * * * served on the secretary of state shall be of the same legal force and validity as if served upon him personally within the state." The removing defendant relies upon the last sentence of the quoted portion of Section 8-402, shown in footnote 1,

providing that "service shall be deemed complete thirty days from the date such personal service is made on the defendant." The word "such," in the quoted language, clearly refers to the delivery by registered mail or by a sheriff without the State, of a copy of the process, petition, order and notice prescribed in Section 8-402. The issue squarely presented, therefore, is whether the twenty-day period prescribed by § 1446(b) [8] is governed by Section 8-401, or by Section 8-402 of the Kansas statutes.

The Supreme Court of Kansas has not been called upon to determine the time within which a defendant, served as required by the above sections, is required to plead. It seems to have had before it but two cases under these sections, in one of which[9] it was pointed out the statute did not provide for actions against, and for service on, executors or administrators of estates of deceased nonresident operators of vehicles. In the other[10] it was held that the act was limited in its operation to actions to recover damages arising out of the use or operation by a nonresident of a motor vehicle on the highways of the state and would not be extended to "a nonresident motorist * * * transacting personal business on private property."

■ That a State officer may be authorized to act as an agent for the service of process under "long-arm" statutes such as the one shown above, cannot be disputed;[11] and since Pennoyer v. Neff,[12] there has been no reason to doubt that process of a court of one state cannot run into another to summon a party there domiciled and re-

4. Martin v. Fischbach Trucking Co., 1 Cir., 1950, 183 F.2d 53.

5. General Inv. Co. v. Lake Shore & M. S. Ry., 260 U.S. 261, 275 et seq., 43 S.Ct. 106, 67 L.Ed. 244; Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

6. Title 28 U.S.C.A. § 1332(a) (1).

7. Title 28 U.S.C.A. § 1441. Cf. Endicott v. Phillips Petroleum Co., 10 Cir., 1949, 172 F.2d 372.

8. Title 28 U.S.C.A. § 1446(b). "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

9. In re Estate of Rogers, 164 Kan. 492, 190 P.2d 857.

10. Kelley v. Koetting, 164 Kan. 542, loc. cit. 548, 190 P.2d 361, 366.

11. Hess v. Pawloski, 274 U.S. 352, 47 S. Ct. 632, 71 L.Ed. 1091.

12. 95 U.S. 714, 24 L.Ed. 565.

quire him to respond to a proceeding *in personam.* There must be actual service within the forum, either upon the one sued or upon someone authorized to accept service.[13] But mere service upon a fictional agent—a designated State officer, e. g.,—without more, is not sufficient; and a statute, in order to provide due process, should, in the language of the Supreme Court: " * * * require the plaintiff bringing the suit to show in the summons to be served the post office address or residence of the defendant being sued, and should impose either on the plaintiff himself or upon the official receiving service or some other, the duty of communication by mail or otherwise with the defendant." [14]

▮ The Legislature of Kansas obviously had the quoted language in mind when it enacted the sections summarized in footnote 1. In the studied judgment of this court, it contemplated that a reasonable time be given to the defendant to plead after the service was complete. This was stated to be "thirty days from the date" personal service of a copy of the process, petition, court order and notice required by Section 8-402 was "made on the defendant." By analogy, a petition for removal, "filed within twenty days after the receipt by the defendant" of the documents referred to, seems to be timely. The construction urged by movant would unduly restrict the right of a defendant, fifteen hundred miles away from the place of suit, to remove a case. He would be required to act with great dispatch if, as here, the plaintiff delayed taking any steps to advise him that he had been sued until more than half of the twenty days after service of the summons on the secretary of state had elapsed. The view which the court takes, it may be pointed out in passing, also gives effect to the clause "through service or otherwise," contained in § 1446(b). The motion to remand in Case No. T–200 should be denied.

Helgeson v. Barz, D.C., 1950, 89 F.Supp. 429, relied upon by movant, has not been ignored but is distinguishable. Under the

Minnesota "long-arm" statute service was complete when the statutory agent was served and the notice was mailed to the defendant. Under the Kansas statute, as has been pointed out above, the service is complete when personal service of the several documents "is made on the defendant."

---

13. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517.

14. Wuchter v. Pizzutti, 276 U.S. 13, 20, 48 S.Ct. 259, 261, 72 L.Ed. 446.