White *v.* The Board of Commissioners of Sullivan County.

Filed Oct. 30, 1891.

---

No. 16,102.

WHITE *v.* THE BOARD OF COMMISSIONERS OF SULLIVAN COUNTY.

COUNTY.—*Liability of for Failure of County Commissioners to Keep Jail in Healthy Condition.*—A county is not liable for the illness of a prisoner confined in its jail, caused by the failure of the county commissioners to keep the jail in a healthy condition.

From the Sullivan Circuit Court.

*W. C. Hultz*, for appellant.

*J. T. Beasley* and *A. B. Williams*, for appellee.

ELLIOTT, J.—The appellant alleges in his complaint that the appellee owns and controls the jail of Sullivan county; that it is required by law to keep the jail in repair; that it

wrongfully and negligently failed to perform this duty, and suffered the jail to become damp and impure because of the noisome odors and air which emanated from a cesspool ; that no outlet was provided for the escape of such noisome odors and air ; that the wrongful breach of duty caused the appellant to become ill, and that from the illness so caused he suffered for many weeks.

The complaint does not state a cause of action against the county.

A county is one of the instrumentalities of government, and exercises delegated governmental functions. It is of very ancient origin. It was organized to give effect to the great principle of local self-government which forms such an important element of English and American liberty—which is, indeed, the vitalizing and preserving element of constitutional freedom. See authorities collected in Elliott Roads and Streets, 325. The care of the county prison is committed to the county officers in order to enable the county to discharge its duties as a governmental subdivision. The governmental power under which the care and control of prisons fall is the great one commonly called " the police power." In caring for prisons a county exercises part of this great power, by virtue of its delegation by the Legislature to it, and it is no more liable for the wrongful or negligent acts of the officers in immediate charge of a prison than is the State for the tortious conduct of officers placed in charge of the prisons controlled by the State directly. We have not found it necessary to discuss the question before us, for the reason that it has been fully discussed in many cases. It is settled, and rightly settled, that for the negligence of officers, whose duties require an exercise of such a governmental power as the police power, neither a county nor a city is liable. Whether the wrong-doing officers are personally liable is quite another question. *Summers* v. *Board, etc.,* 103 Ind. 262, and authorities cited; *Pfefferle* v. *Board, etc.,* 39 Kan. 432; *Manuel* v. *Board, etc.,* 98 N. C. 9 ; *Watson* v. *Preston,* 30 W. Va.

367; *Hollenbeck* v. *Winnebago*, 95 Ill. 148; *Board, etc.,* v. *Mighels*, 7 Ohio St. 109; *Kincaid* v. *Hardin County*, 53 Iowa, 430; 2 Dillon Municipal Corp. (4th ed.), sections 957, 974.

Judgment affirmed.

Filed Oct. 13, 1891.