## DANIEL WEBSTER v. THE COUNTY OF HILLSDALE.

*Counties—Unhealthful condition of jail—Liability to prisoner.*

A county, in the absence of a statute imposing such liability, is not liable for injury to the health of a respondent in consequence of the unhealthful condition of the jail in which he is confined while awaiting trial on a criminal charge.

Error to Hillsdale. (Lane, J.) Submitted on briefs February 16, 1894. Decided March 6, 1894.

Case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*D. L. Pratt,* for appellant.

*Guy M. Chester,* for defendant.

GRANT, J. Plaintiff was arrested upon a charge of arson. Upon his examination the justice of the peace found probable cause to believe him guilty, and bound him over to the circuit court for trial. Being unable to procure bail, he was confined for 207 days in the county jail, awaiting trial. Upon the trial he was acquitted. He then brought this suit to recover damages for injury to his health in consequence of the alleged unsafe, unsuitable, unwholesome, unventilated, and unhealthful condition of the jail. To this declaration the defendant demurred, and the demurrer was sustained. The sole question, therefore, is, is the county liable for injuries thus received?

There is no statute establishing the liability upon counties for such neglect. It was held by this Court that municipal corporations, in the absence of a statute, were not liable for failure to keep their public streets in safe condition. *City of Detroit v. Blackeby,* 21 Mich. 84.

Justice COOLEY dissented, holding that a municipal corporation, vested with full. control and charged with the duty and possessing the means of repair, should be held liable for neglect, but recognized the rule to be that "the political divisions of the State, which have duties imposed upon them by general law without their assent, are not liable to respond to individuals in damages for their neglect, unless expressly made so by statute." Liability cannot be established in this case without overruling that decision. If there is no common-law liability for defects in public highways, for the same reason there is no liability for defects in the public buildings of municipal or *quasi* municipal corporations. Judge Dillon says:

"According to the prevailing rule, counties are under no liability in respect of torts, except as imposed (expressly or by necessary implication) by statute. They are political divisions of the state, created for convenience, and are usually regarded not to be impliedly liable for damages suffered in consequence of neglect to repair a county road or bridge. Such a liability, unless declared by statute, is generally, but not· quite universally, denied to exist.    *    *    *    A county, though it has power to erect and repair public buildings, and to levy and collect a tax for that purpose, is not responsible, in the absence of a statute making it so, for injuries resulting from the unsafe and dangerous condition of county buildings." Dill. Mun. Corp. (4th ed.) § 963.

The same rule appears to apply to municipal corporations when acting under general laws of the state, and not under special charters which they voluntarily assume, or for private gain.

The precise question has been decided against the plaintiff in the following cases: *White v. Board of Commissioners,* 129 Ind. 396; *Eastman v. Meredith,* 36 N. H. 284; *Hill v. City of Boston,* 122 Mass. 344; *Lorillard v. Town of Monroe,* 11 N. Y. 392; *Mitchell v. City of Rockland,* 52 Me. 118; *Board of Commissioners v. Mighels,* 7

Ohio St. 109; *Hollenbeck v. Winnebago Co.*, 95 Ill. 148; *Dosdall v. Olmsted Co.*, 30 Minn. 96; *Kincaid v. Hardin Co.*, 53 Iowa, 430; *Wehn v. Commissioners*, 5 Neb. 494; *Sherbourne v. Yuba Co.*, 21 Cal. 113; *Downing v. Mason Co.*, 87 Ky. 208; *Elmore v. Commissioners*, 135 Ill. 269. The citation of authorities might be multiplied. The basis of this non-liability is that counties are involuntary territorial and political divisions of the state, created for the convenience of government, and that certain public duties are imposed upon them as a part of the machinery of the state, for the non-performance of which no liability should attach, any more than it would to the state itself. Cooley, Const. Lim. (6th ed.) 294.

The case of *Rowland v. Superintendents of the Poor*, 49 Mich. 553, is not in conflict with this rule. The superintendents of the poor, in that case, were authorized by statute to purchase a farm, and to manage it for the support of the poor who were dependent upon the public. They were required to conduct and manage the farm for the pecuniary profit and benefit of the county. They had hired the plaintiff's boar, which, by their negligence, became diseased. The transaction was a private one, and it was held that in such dealings their liability was governed by the rules of the common law. That case comes within the distinction pointed out in *La Clef v. City of Concordia*, 41 Kan. 323, and *Hill v. City of Boston, supra.* The defendants there were not engaged in a public duty imposed upon them by the general laws of the State, but in private dealings with their neighbors.

The Legislature of the State recognized the fact that cases of this character might arise, and therefore enacted that when a jail should become unfit for occupation the judge of the circuit court should designate the jail of some other county for the confinement of prisoners. How. Stat. §§ 8945, 8946. There would be as much good

sense in holding the county liable for the neglect of the circuit judge as to hold it liable for the neglect of its supervisors. The duty in the one case is as imperative as in the other.

Judgment affirmed.

The other Justices concurred.