## Cousins *v.* County of Butler, Appellant.

*Constitutional law—Sovereign state — Counties — Liability for acts of commissioners—Injuries to inmates of jail.*

A county, acting as a public agency in the performance of governmental functions, is not liable for the negligence of its officers or employees. It is part of the machinery which constitutes the public system, and, is organized almost exclusively with a view to the

policy of the state at large, for the purpose of political organization and civil administration, in matters of finance, of provision for the poor, and especially for the general administration of justice, and it is, therefore, invested with the immunity which attaches to the sovereign state.

A distinction exists between the liability of a public corporation acting in its special or corporate capacity in the management of property for its own benefit, and its rights and liabilities as a part of the governmental system endowed with the prerogatives of the sovereign state.

Where a convict, awaiting removal, is injured while leaning against an iron railing of a stairway leading from the second floor of the jail, which gave way and caused him to fall to the first floor, the county is not liable to such convict for the failure of the county commissioners to keep the jail in proper repair.

Argued April 21, 1919. Appeal, No. 68, April T., 1919, by defendant, from judgment of C. P. Butler Co., September T., 1918, No. 71, on verdict for plaintiff in the case of Edgar L. Cousins v. The County of Butler. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,285 and judgment thereon. Defendant appealed.

*Error assigned* was refusal to enter judgment for defendant non obstante veredicto.

*John H. Wilson,* and with him *B. R. Williams,* County Solicitor, and *Andrew G. Williams,* for appellant.—A county acting as a public agency in the performance of governmental functions is not liable for the negligence of its officers: Com. v. Brice, 22 Pa. 211; Hubbard, Appellant, v. Crawford County, 221 Pa. 438; DeVere Ford v. Kendall Boro. School District, 121 Pa. 543; Bucher

v. Northumberland County, 209 Pa. 618; Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587.

*S. F. Bowser,* and with him *W. H. Martin,* for appellee.

OPINION BY KELLER, J., October 13, 1919:

The plaintiff, who had been convicted of a violation of the penal code and sentenced to the Allegheny County workhouse, was detained in the Butler County jail until he could be removed to the workhouse. While leaning against an iron railing at the top of the stairway leading to the second floor of the jail, it gave way and he fell to the first floor, sustaining injuries for which he sought to recover in this action. The question involved in the appeal is the liability of the county for personal injuries occasioned by the failure of the county commissioners to keep the jail in proper repair.

In the very recent case of Collins v. Commonwealth, 262 Pa. 572, the Supreme Court reaffirmed the well settled rule of law that a state is not liable for the negligence of its officers and agents.

This nonliability does not depend upon the state's immunity from being sued without its consent but rests upon grounds of public policy: Murdock Parlor Grate Co. v. Commonwealth, 152 Mass. 28, 24 N. E. 854; Gibbons v. U. S., 8 Wallace 269; Bourn v. Hart, 93 Cal. 321, 28 Pac. 951, and applies to accidents such as the one in suit. Therefore it was held in Lewis v. State, 96 N. Y. 71, that no action lay against the state by a convict who was injured by the breaking of a ladle in which he was carrying molten metal, although its defective condition had been called to the attention of the overseer; and in Clodfelter v. State, 86 N. C. 51, that an action would not lie where a convict had lost his eyesight by the gross negligence of the supervising manager of the penitentiary, the court saying, through SMITH, C. J.: "The state, in administering the functions of government through its appointed agents and officers is not legally liable to a

claim in compensatory damages for an injury resulting from misconduct or negligence. That the doctrine of respondeat superior, applicable to the relations of principal and agent created between other persons, does not prevail against the sovereign in the necessary employment of public agents, is too well settled upon authority and practice to admit of controversy." And in Riddoch v. State, 63 Wash. 329, 123 Pac. 450, it was held that the state was not liable in damages to one who was injured by the collapse of the railing of a gallery in a state armory which had been leased by authority of the legislature for purposes of entertainment.

This immunity from liability for the negligence of its officers and agents applies not only to the state itself, but also to agencies or instrumentalities of the state when in the exercise of public or governmental powers or in the performance of public or governmental duties. Thus a city is not responsible for the torts or negligence of a policeman while acting in his official capacity: Elliott v. Philadelphia, 75 Pa. 347; Fox v. The Northern Liberties, 3 W. & S. 103; nor for injuries caused by the negligent driving of a fire engine by an employee of the fire department: Knight v. Philadelphia, 15 W. N. C. 307; nor a school district for the negligence of school directors or of their employees: Ford v. School District, 121 Pa. 543; Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587. On this ground it has been held in other jurisdictions that a city is not responsible in damages for the failure of the jailer of a city prison to keep the fires in the jail or furnish a prisoner with necessary bedclothing, resulting in his illness, though the constitution of the state requires penal institutions to secure the health and comfort of the prisoners: Moffit v. Asheville, 103 N. C. 237, 9 S. E. 695; that a state's prison was not liable to a prison guard for injuries received through a fall from a defective ladder: Moody v. State's Prison, 128 N. C. 12, 38 S. E. 131; that a county was not liable, in the absence of a statute im-

posing liability, for the negligence of its officers in executing health regulations, adopted for the purpose of preventing the spread of contagious diseases: Beeks v. Dickinson County, 131 Iowa 244, 108 N. W. 311; nor for damages sustained by an individual from the negligent or dangerous construction or maintenance of a courthouse: Kincaid v. Hardin County, 53 Iowa 430, 5 N. W. 589; Dosdall v. Olmstead County, 30 Minn. 96, 14 N. W. 458; nor for failure to furnish adequate and timely aid and assistance to a transient poor person, although the code requires a transient pauper to be temporarily relieved in the county where he applies: Wood v. Boone County, 153 Iowa 92, 133 N. W. 377. On the same ground it was held in Alamango v. Albany County Supervisors, 25 Hun 551, that a convict in a penitentiary who was injured in a saw mill, through its negligent operation by employees of the prison, could not maintain an action therefor. A county was held not liable in damages to a prisoner in the county jail who contracted a disease of the lungs, as alleged, because of insufficient bedding and warmth in cold weather: Manuel v. Cumberland County, 98 N. C. 9, 3 S. E. 829; nor for failure to keep the county jail in a healthy condition even though the commissioners are required by law to keep the jail in repair: White v. Sullivan County, 129 Ind. 396, 28 N. E. 846; Webster v. Hillsdale County, 99 Mich. 259, 58 N. W. 317. In the case of Commissioners of Hamilton County v. Mighels, 7 Ohio St. 109, the Supreme Court of Ohio, overruling its former decision in Brown County v. Butt, 2 Ohio 348, held squarely that the board of commissioners of a county are not liable in their quasi corporate capacity, either by statute or at common law, to an action for damages for injury resulting to a private party by their negligence in the discharge of their official functions.

In all these cases the distinction is drawn between the acts of municipalities and other governmental agencies done or performed in their ministerial or corporate char-

acter in the management of property for their own bene-
fit or in the exercise of powers assumed voluntarily for
their own advantage, on the one hand, and on the other,
those broader functions of government proper, delegated
by the state to be performed by certain public instru-
mentalities. As to the former, the municipality may be
held liable for the negligence of its employees and agents;
as to the latter, it is invested with the immunity which
attaches to the sovereign. The distinction is es-
pecially applicable to counties which are but parts of
the machinery that constitutes the public system: Com-
monwealth v. Brice, 22 Pa. 211, and are organized almost
exclusively with a view to the policy of the state at
large, for purposes of political organization and civil ad-
ministration, in matters of finance, of provision for the
poor, and especially for the general administration of
justice. "With scarcely an exception, all the powers and
functions of the county organization have a direct and
exclusive reference to the general policy of the state and
are, in fact, but a branch of the general administration
of that policy": Commissioners of Hamilton County v.
Mighels, supra.

It was clearly ruled by the Supreme Court of this
State in Hubbard v. Crawford County, 221 Pa. 438, that
counties acting as public agencies in the performance of
govermental functions are not to be held liable for the
negligence of their officers. Certainly the erection of
courthouses and jails and their maintenance in suitable
and convenient order and repair are purely govern-
mental functions, inherently belonging to the State and
indispensably necessary in the administration of the
laws of the Commonwealth: Moody v. State's Prison,
supra.

The learned counsel for the appellee, however, con-
tends that inasmuch as by the Act of April 15, 1834, P.
L. 537, the duty of maintaining the county jail in suit-
able and convenient repair was imposed upon the county
commissioners, by analogy to the case of Clark v. Alle-

gheny County, 260 Pa. 199, the county must be held liable for any injuries resulting from their neglect to perform that duty.   The case of Clark v. Allegheny County decides that a statutory mandate to repair a road or bridge imposes upon the municipality so charged, liability for injuries occasioned by reason of its failure to repair such road or bridge.   This followed the earlier case of Rapho Township v. Moore, 68 Pa. 404, in which it was held that a township was liable for injuries resulting from neglect to repair a highway (including a bridge), only where the legislature had imposed upon the township the duty to make such repairs.   It by no means follows, however, that because a township or a county charged with the maintenance and repair of highways is liable in damages for the neglect of its officers and agents in that respect, a county to which has been delegated the performance of the purely governmental function of building and maintaining a jail or courthouse should be held liable for the neglect of their officers to perform that duty.   In the case of Bucher v. Northumberland County, 209 Pa. 618, Mr. Justice POT-TER pointed out that while the law imposed on county commissioners the duty of maintaining the courthouse in suitable and convenient repair, the sidewalk in front of the courthouse was not a part of the building, but of the street, and in the absence of a statute definitely imposing upon the county the repair of the street or sidewalk, following the rule laid down in Rapho Township v. Moore, the county was not liable.   He nowhere intimated in the opinion that because of its obligation to repair the courthouse, under the Act of 1834, the county would be liable for injuries resulting from a failure to do so.   On the contrary he adverted to the difference in their constitution and responsibility between municipal corporations proper and quasi corporations, such as counties, performing governmental functions, and quoted with apparent approval almost the entire opinion in the case of Dosdall v. Olmstead County, supra, in which,

the Supreme Court of Minnesota held that the duty imposed upon the county commissioners of keeping the courthouse in repair was a public duty, for the neglect of which they were accountable to the public alone, and therefore the county was not liable to private individuals who might suffer injury through such negligence. In Ford v. School District, supra, Chief Justice GORDON, referring to the liability of townships for negligence of supervisors in the care and maintenance of public roads said: "It is very true, that in support of the plaintiff's contention we have many analogous cases where damages have been recovered against townships, and other municipalities, resulting from the negligence of their officers in the construction and maintenance of their streets and highways, and for such cause the public treasury has been obliged to make good private loss. The reason for this rule is not very obvious. It is based upon the idea that, as upon municipalities the legislature has imposed the duty of maintaining public highways, therefore they are responsible for a neglect of that duty. But as the same reason will apply to all cases in which a duty is imposed, so should the same rule be applied to the police, fire, sanitary and pauper departments of municipalities, though, as we have seen, it does not so apply. All we can say is, that for the one class of cases we have precedent on which to rest, and in the other, we have no such precedent but rather the contrary. Reason is all with the latter view of the subject, for the conclusion that the public should be held responsible for the misconduct of its supervisors of highways, is just as illogical as that it should be so held for the misfeasance of its constables and overseers of the poor. But we are not disposed to quarrel with decisions, or unsettle old and well established rules, hence we have but to say that whilst the doctrine respondeat superior does apply to townships, boroughs, and cities, so far as streets and roads are concerned, it does not apply to school districts." It is to be noted that the school district in this

case was held not liable for the negligent act of its janitor in using crude petroleum to start the fire, notwithstanding the fact, that the statute in force at that time, May 8, 1854, P. L. 617, imposed on the school district not only the duty of erecting and maintaining school houses, but also the specific injunction to supply the same "with the proper convenience and fuel": Section 23, Clause II. And in the case of Rosenblit v. Philadelphia, supra, the duty of the school directors to repair the school room from which a part of the ceiling fell, causing the injury in suit, was expressly recognized.

Whatever may be the reason for this distinction, as to liability for negligence, with respect to the maintenance and repair of streets and highways, on the one hand, and of government buildings, on the other hand, whether it was based on the liability of turnpike companies under similar circumstances, or as suggested by counsel for the appellant, because the duty with respect to streets and highways was considered to be owed particularly to each individual that had occasion to use the highway and did not directly affect those of the public in general who did not have occasion for such use, and was therefore to a degree special and corporate rather than purely public and governmental, the distinction undoubtedly remains and rests upon precedent, if not principle: Hubbard v. Crawford County, supra. The same distinction is found in the State of Iowa, where a county is liable for injuries resulting from a defective county bridge: Wilson v. Jefferson County, 13 Iowa 181; but is not liable for the negligent construction or maintenance and repair of a court house: Kincaid v. Hardin County, supra, and was specially referred to by ROTHROCK, J., in the opinion in the last named case.

Upon consideration of the whole case, after giving due weight to the opinion of the learned court below and the argument of the able counsel for the appellee, we are of opinion that the county was not liable to the plaintiff in the present cause of action and that binding instructions

86, (1919).]          Opinion of the Court.

should have been given in favor of the defendant as prayed for.

The assignments of error are sustained and the judgment is reversed and is now entered in favor of the defendant.