## Woolheater *v.* Mifflin Township, Appellant.

*Road law—Construction of highways—Diversion of water—Injuries to land—Evidence.*

A township is not responsible for damages caused by water which naturally drains over the land of one of its property owners. Such owner must take care of water which naturally flows upon his land, but a township cannot divert water to his land or increase the area of the watershed draining on his premises.

While under the Act of June 13, 1836, P. L. 560, section 32, supervisors are given large powers in relation to drains and ditches along public roads, they are not authorized to close up a natural watercourse which drains certain property, and turn it into another course to the detriment of the property holder.

## 558 WOOLHEATER v. MIFFLIN TWP., Appellant.

Where township supervisors divert the drainage from one street and turn it into another street, from where it flows over the plaintiff's property, they will be responsible for damages incurred.

*Damages—Excessive verdict—Review—Practice, Superior Court.*
The question of the amount of a verdict will be reviewed by the Superior Court only when it is so grossly excessive as to shock the court's sense of justice, and where the impropriety of allowing a verdict to stand is so manifest, as to show an abuse of discretion in the lower court, in refusing to set it aside.

Argued May 4, 1920. Appeal, No. 18, April T., 1920, by defendant, from judgment of C. P. Allegheny County, April T., 1917, No. 1500, on verdict for plaintiff in the case of John A. Woolheater v. Mifflin Township. Before Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

Trespass for damages to real estate. Before Shafer, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $250 and judgment thereon. Defendant appealed.

*Errors assigned* were refusal of defendant's motion for judgment non obstante veredicto and to grant a new trial.

*F. J. Tyrrell,* for appellant, cited: Strauss v. Allentown, 215 Pa. 96; Pennsylvania Coal Company v. Sanderson, 113 Pa. 126; Collins v. Chartiers Valley Gas Co., 131 Pa. 143.

*T. M. Gealey,* for appellee, cited: Elliott v. Oil City, 129 Pa. 570; Torrey v. City of Scranton, 133 Pa. 173; Bohan v. Avoca Borough, 154 Pa. 404; Blizzard v. Danville Borough, 175 Pa. 479; Owens v. Lancaster, 182 Pa. 257.

OPINION BY TREXLER, J., July 14, 1920:

Plaintiff alleges that the authorities of the Township of Mifflin turned surface water from its natural course and negligently discharged it in large quantities over his land. Plaintiff's property was located on Bowes avenue in a low place and some water following the natural contour of the ground flowed across it. There was a water course on Hazel street which intersects Bowes avenue not far from plaintiff's premises. Formerly the water coming down Hazel street was carried over Bowes avenue down a hill to a creek. The township authorities in order to make Bowes avenue passable, repaired it by levelling it at some places, and instead of allowing the water to cross the avenue at Hazel street and to continue straight down the latter street, they turned it into a furrow or ditch and thus led it down Bowes avenue so that it reached plaintiff's property and flowed across it and thus caused the damage complained of.

The plaintiff was required to fight the "common enemy" as best he could, but he was not required to bear more than his share of the battle. The water that naturally reached his property he had to take care of, but the township had no right to divert the water to his land and thus increase the area of the watershed draining over his premises. It has never been held "that a municipal corporation may throw a body of water upon the property of one of its citizens if it would not naturally flow there. It may not throw upon the land of A the water which flows upon the land of B": Torrey v. City of Scranton, 133 Pa. 173. See Bohan v. Avoca Borough, 154 Pa. 404; McCormick v. Kinsey, 10 Pa. Superior Ct. 607; Taylor v. Canton Township, 30 Pa. Superior Ct. 305. It is true that under the Act of June 13, 1836, P. L. 560, section 32, supervisors are given large powers in relation to drains and ditches along public roads, but that act does not authorize supervisors to close up the natural watercourse which drains certain property and turn it into another course to the detriment of the prop-

erty holder.   The scope of that act was defined in Hall
v. Rine, 60 Pa. Superior Ct. 401.

The verdict was for $225.   This the appellant claims
was excessive.   "While it was fully as large as the testi-
mony would warrant, we cannot say it is excessive" was
the conclusion of the lower court, and we think this is
correct.   Unless it is so grossly excessive as to shock
the court's sense of justice, it is not just grounds for a
reversal:   Scott, Admx., v. American Exp. Co., 257 Pa.
25.

All the assignments of error are overruled.   Judgment
affirmed.