# Scibilia *v.* City of Philadelphia, Appellant.

*Negligence—Municipalities—Acts of employees in course of official duties—Exemption from liability.*

The Commonwealth is not liable for the negligence of its officials and agents. The immunity from liability for the negligence of its officials and agents, which inures to the Commonwealth, also applies to the agencies and instrumentalities of the state in the exercise of governmental powers or in the performance of governmental duties.

There is, however, a difference between things which a municipality may do by virtue of its powers of sovereignty, and those things which it may do in the capacity of a corporation.

The true test is whether the duty is public and governmental, or private and corporate. Where it is public or governmental it is not liable for the negligence of its officials or agents, but when it is acting in a corporate or private capacity it is not exonerated from liability.

In an action of trespass to recover damages for personal injuries, sustained by the plaintiff as the result of the alleged negligence of the servant of a municipality, engaged in driving a truck load of ashes, the case comes within the category of exempted duties. The servant was acting in an official capacity, discharging a governmental function of the municipality, and the latter cannot be held liable for his negligence.

Argued October 9, 1923. Appeal, No. 292, Oct. T., 1922, by defendant, from judgment of C. P. No. 1, of Phila. Co., June T., 1921, No. 449, on verdict for plaintiff in the case of Guiseppe Scibilia v. City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before SHOEMAKER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $250 and judgment thereon. Defendant appealed.

328, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned* was, among others, the refusal of defendant's motion for judgment non obstante veredicto.

*Harry S. Platowsky,* Assistant City Solicitor, and with him *William M. Stewart, Jr.,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant. —The City of Philadelphia in collecting ashes and refuse was performing a purely governmental function and, therefore, is exempted from liability for the negligence of its employees while in the performance of such work: Com. v. Bredin, 165 Pa. 224; Cousins v. Butler County, 73 Pa. Superior Ct. 86; Bodge v. Philadelphia, 167 Pa. 492; Love v. Atlanta, 95 Ga. 129; Kippee v. Louisville, 140 Ky. 423; Louisville v. Carter, 142 Ky. 443; Haley v. Boston, 101 Mass. 291; Johnson v. Somerville, 195 Mass. 371.

*John J. McDevitt, Jr.,* for appellee.—The collection of ashes was not a governmental function and the city was liable for the negligence of its servant: Briegel v. Philadelphia, 135 Pa. 451; Morgan v. Duquesne Boro., 29 Pa. Superior Ct. 100; Armstrong and Latta v. Philadelphia, 249 Pa. 39; Fox v. Philadelphia, 208 Pa. 127; Bodge v. Philadelphia, 167 Pa. 492.

OPINION BY GAWTHROP, J., December 10, 1923:

This action in trespass was brought against the City of Philadelphia to recover damages for personal injuries sustained by plaintiff as the result of alleged negligence of defendant's servant who, within the scope of his employment, was engaged in the Bureau of Street Cleaning of the Department of Public Works of the city in driving an automobile truck loaded with ashes, which were being removed from private premises. The trial resulted in a verdict for plaintiff. A motion for judgment non obstante veredicto followed, the city asserting that it is not legally responsible for the negligence of its employees when engaged in the removal of ashes from private

premises.  From the dismissal of this motion and judgment entered on the verdict we have this appeal.  Collins v. Com., 262 Pa. 572, reaffirmed the rule of law in this Commonwealth that a state is not liable for the negligence of its officials and agents.  This immunity from liability, which rests upon grounds of public policy, applies not only to the state but also to agencies or instrumentalities of the state when in the exercise of public or governmental powers or in the performance of public or governmental duties: Cousins v. Butler County, 73 Pa. Superior Ct. 86.  This is established doctrine: Dillon on Mun. Corp. (5th Ed.), section 1626.  For example, a city is not liable for the negligence of a policeman while acting in his official capacity: Elliott v. Phila., 75 Pa. 347; nor for injuries caused by the negligent driving of a fire engine by an employee of the fire department: Knight v. Phila., 15 W. N. C. 307.  A school district is not liable for the negligence of school directors or of their employees: Ford v. School District, 121 Pa. 543; Rosenblit v. Phila., 28 Pa. Superior Ct. 587.  Many other authorities to the same effect from this and other jurisdictions are cited by our Brother KELLER in the opinion in Cousins v. Butler County, supra.  That opinion so lucidly and exhaustively demonstrates the well settled distinction between public duties of municipalities and other governmental agencies and their private duties, the difference between things which they may do by virtue of their powers of sovereignty and those things which they may do in the capacity of a corporation, that little is left for us to do but to apply the principles to the facts before us.  But, the circumstances being stated, it is often difficult to determine what power is being exercised.  The courts have sometimes failed to recognize the true distinction between the two kinds of functions.  That this is true in our own State may be asserted on the authority of Ford v. School District, 121 Pa. 543, where Chief Justice GORDON, referring to the liability of townships for negligence of supervisors in the care and main-

tenance of public roads, said: "It is very true, that in support of the plaintiff's contention we have many analogous cases where damages have been recovered against townships, and other municipalities, resulting from the negligence of their officers in the construction and maintenance of their streets and highways, and for such cause the public treasury has been obliged to make good private loss. The reason for this rule is not very obvious. It is based upon the idea that, as upon municipalities the legislature has imposed the duty of maintaining public highways, therefore they are responsible for a neglect of that duty. But as the same reason will apply to all cases in which a duty is imposed, so should the same rule. be applied to the police, fire, sanitary and pauper departments of municipalities, though, as we have seen, it does not so apply. All we can say is, that for the one class of cases we have precedent on which to rest, and in the other, we have no such precedent but rather the contrary. Reason is all with the latter view of the subject, for the conclusion that the public should be held responsible for the misconduct of its supervisors of highways, is just as illogical as that it should be so held for the misfeasance of its constables and overseers of the poor. But we are not disposed to quarrel with decisions, or unsettle old and well established rules, hence we have but to say that whilst the doctrine respondeat superior does apply to townships, boroughs, and cities, so far as streets and roads are concerned, it does not apply to school districts." In that case the school district was held not liable for the negligent act of its janitor in using crude petroleum to start the fire, although the existing law imposed on the school district the duty of supplying the school houses with fuel. Since the decision in Western Savings Fund Society v. Phila., 31 Pa. 185, our Supreme Court has held to the principle that in determining the distinction between the governmental and the business functions of a public body "regard should be had, not so much to the nature and character of the various powers

conferred, as to the object and purpose of the legislature in conferring them. If granted for public purposes exclusively, they belong to the corporate body in its public, political or municipal character. But if the grant is for purposes of private advantage or emolument, though the public may derive a benefit therefrom, the corporation, quoad hoc, is to be regarded as a private company. It stands on the same footing as would any individual or body of persons upon whom like special franchises had been conferred." This language was quoted with approval in Moore v. Luzerne County, 262 Pa. 216, in which it was held that the building of a public road is a governmental as distinguished from a business function of the public body constructing it.

Section 5, of article XX, of the Act of June 25, 1919, P. L. 581, entitled "An Act for the better government of cities of the first class of this Commonwealth," and known as the "Charter Act," provides, inter alia, as follows: "Any such city shall have the power to pave, repair and clean the streets, collect ashes, waste, rubbish and garbage within the limits of such city and to dispose of street sweepings and of ashes, waste, rubbish and garbage......" Appellee does not contend that the city, in collecting ashes, was discharging a positive and imperative duty imposed on it by law. His counsel concedes that the duty of the city to collect ashes is not mandatory. We do not decide whether the duty was absolute and imperative or merely discretionary, because in our opinion liability does not depend upon the answer to that question. If the positive and mandatory character of a duty imposed deprives a municipal corporation of its right to exemption from liability for negligence, the distinction between public governmental functions and private corporate functions becomes unimportant. The positive mandate of the legislature that a city shall maintain a police or fire department would result in making such city liable for the negligence of its policemen and firemen. A similar positive

mandate that a city shall carry out prescribed regulations to protect the public health would result in rendering the city liable, although the duty performed would be purely governmental in its nature. We think the true test is whether the duty is public and governmental or private and corporate. As characteristic examples of public or governmental functions we have the case of the policeman and fireman. Equally characteristic of private or corporate functions are the cases of municipal water supply or lighting plants furnishing conveniences to the inhabitants for compensation. But municipalities have been held liable in many cases where the commercial nature of the business is lacking. A municipal corporation is not liable merely because it derives an income from a purely governmental work if the income is purely incidental to the main purpose of the work. If the function undertaken is commercial in its nature, the corporation is not exonerated from liability by the fact that its operations are not or cannot be profitable. See 19 Ruling Case Law, paragraph 392. There is a conflict of opinion as to whether the function assumed by almost all of the larger municipalities of gathering garbage, refuse, rubbish and ashes from private residences and carrying it off to a dumping ground is a public or private one, but the weight of authority is to the effect that it is a public or governmental function and that the municipality is not liable for the negligence of the persons employed therein: 19 Ruling Case Law, paragraph 406. In support of the view that such work is to be deemed a governmental function, we cite Harris v. District of Columbia, 14 A. L. R. 1471; Love v. Atlanta, 95 Ga. 129; Savannah v. Jordan, 142 Ga. 409; McFadden v. Jewell, 119 Iowa 321; Kippes v. Louisville, 140 Ky. 423; Haley v. Boston, 101 Mass. 291; Johnson v. Somerville, 195 Mass. 371; Behramann v. St. Louis, 273 Mo. 578; Connor v. Manchester, 73 N. H. 233; Condict v. Jersey City, 46 N. J. L. 157; James v. Charlotte, 183 N. C. 630; Conelly v. Nashville, 100 Tenn. 262; Bruhnke v. LaCrosse, 155

Wis. 485. The courts of last resort in New York, Illinois, Colorado and Texas have held that the municipality is liable in such cases on the ground that the function is purely private and corporate in character. See cases cited in note to Harris v. District of Columbia, 14 A. L. R. at page 1473. While the decisions from other jurisdictions are not binding upon us, we are of opinion that the rule followed in the majority of jurisdictions is the better one and is consistent with the decisions of our own Supreme Court which distinguish governmental and purely corporate functions of municipalities. As a general rule any act done by a municipal corporation in the exercise of its police power may be said to be done in its public or governmental capacity. The limitations of the police power have never been specifically defined, but generally all matters which have a real and substantial relation to the public welfare fall within it: Dillon on Mun. Corp., paragraph 660. Can it be said that the gathering of ashes does not promote the public welfare and comfort? What private or corporate advantage can the city derive from it? The power or even duty on the part of a municipal corporation to make provision for the public health and for the care of the sick and destitute appertains to it in its public and not corporate or, as it is sometimes called, private capacity: Howard v. Phila., 250 Pa. 184. It is a matter of common knowledge that the accumulation of ashes in cellars and upon other parts of private premises in a large city tends to affect not only the comfort but the health of the community as well. Ash cans and ash heaps usually contain matter other than ashes. The public is concerned with the effect of accumulation of ashes on premises in congested districts, although their accumulation on private premises might not be an actual nuisance. As was said in Savannah v. Jordan, 142 Ga. 409, "It is immaterial whether the work is done under the supervison of the board of health of a municipality or by the 'director of public works,' or under the 'streets and lanes department.' The

duty is the same and that is to remove from the streets all the sweepings and garbage and whatever would contaminate the atmosphere and breed pestilence and disease; and such a duty is a governmental and not a ministerial function. It is one that the entire public living within or without the municipality is concerned in,— the enforcement of laws for the preservation of the comfort and health of the citizen." Notwithstanding the argument of the able counsel for the appellee, we are of opinion that this case falls within the rule exempting municipalities from liability for negligence of a servant occurring in the performance of a public governmental function. It follows that binding instructions should have been given in favor of the defendant as requested.

The judgment is reversed and the record remitted to the court below, with direction to enter judgment in favor of the defendant.

LINN, J., dissents.