# Slevin and Slevin *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence — Trolley cars — Collision — Damages — Verdict — Amount of verdict.*

In an action to recover damages for personal injuries a verdict for $1,000 for plaintiff and $1,200 for her husband will be sustained, where the evidence established that the plaintiff was suffering from a goitre which was small and quiescent before the accident, which afterwards became active and painful, and that an operation would be necessary for its removal.

In such case the consideration of the appellate court is limited to the question whether there was abuse of discretion in the court below in allowing the verdict to stand.

Under the facts presented the verdict may be considered liberal, but not so out of proportion to the testimony as to shock a sense of justice.

Argued October 21, 1924. Appeals, Nos. 137 and 138, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1923, No. 800, on verdict for plaintiffs in the case of Catharine B. Slevin and Frederick J. Slevin v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Catharine B. Slevin, in the sum of one thousand dollars and for plaintiff, Frederick J.

Slevin, in the sum of twelve hundred dollars, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion to grant a new trial.

*David I. Scanlon,* for appellant.

*George C. Klauder,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

The only question submitted to us is, were the verdicts in this case excessive? Catharine B. Slevin was riding on a trolley car in Philadelphia which collided with another trolley car. She was thrust from her seat with sufficient force to throw her to the floor. She fell on her side and was dazed for a few minutes; was taken home, examined by a doctor, and had pain in her neck and the back of her head and all down her back. The doctor paid her frequent visits. Although she had perfect health before the accident she became nervous, suffered from intense pain in her throat ever since and at the back of her head and down her back and also down her side. Before the accident she had a little lump in her throat, an enlarged gland, which gave her no inconvenience. Immediately after the accident she began to experience pain in the gland which continued up to the time of the trial. The pain was so persistent that she was not able to do her household work. She got her sister to do it, could not wash or do anything and for this service she paid. She cannot sleep, is up at night and only sleeps fitfully. The contention at the trial was directed to the lump in her throat. The doctor for the plaintiff testified that this enlargement was a goitre, that the accident caused it to become active and painful. Taking the history of the case as narrated by the plaintiff, the doctors state that it was quiescent and small before the accident but thereafter it grew and became painful and that

the course of treatment to be advised would be an operation for its removal. One of the doctors expressed the opinion that if this accident had not occurred or no other unusual cause would intervene, this gland would not hereafter have given her any more trouble than it had for the last fifteen or twenty years, which according to her testimony was none. The surgeon's fee for the operation would be two hundred and fifty dollars, hospital fee would be thirty-five to fifty dollars per week and there would be other charges such as for the operating room and for the anesthetic and for special nursing. Nurses receive thirty-five dollars a week and board as their pay. This is, briefly stated, the plaintiff's case. We do not think a verdict of one thousand dollars for Catharine B. Slevin and twelve hundred for Frederick J. Slevin, her husband, is excessive. We cannot measure such verdicts by any exact rule. Our consideration is limited to the question whether there is such clear abuse of discretion by the court in allowing a verdict to stand as requires our interposition. We cannot say in this case that the verdict is unjust. It may be liberal, but still it is not so out of proportion to the testimony, so grossly excessive, as to shock our sense of justice. See Scott v. American Express Co., 257 Pa. 25; Woolheater v. Mifflin Twp., 74 Pa. Superior Ct. 557; Potts v. Guthrie, 282 Pa. 200; Fredericks v. Atlantic Refining Co., 282 Pa. 8.

The judgment is affirmed.