## Lyles v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Automobile—Street car—Collision with—Right angle street intersection—Evidence.*

In an action of trespass to recover damages for personal injuries sustained in a collision, between a street car and an automobile at a right angle street intersection, there was evidence that defendant's street car approached the intersection without warning and in violation of the provisions of a city ordinance. There also was evidence that the automobile had crossed the second rail of the defendant company when it was struck, and that the street car was travelling at such a rate of speed that, after the collision it continued a car length beyond the house line of the intersecting street, pushing the automobile ahead of it and throwing two of its occupants into the street.

In such case the evidence was sufficient to support the averment that defendant was negligent and a verdict for the plaintiff will be sustained.

*Damages—Excessive verdict—Review—Practice Superior Court.*

The question of the amount of a verdict will be reviewed by the Superior Court only when it is so grossly excessive as to shock the court's sense of justice and the impropriety of allowing a verdict to stand is so manifest as to show an abuse of discretion in the lower court in refusing to set it aside.

Argued October 31, 1927. Appeal No. 120, October T., 1927, by defendant from judgment of C. P., No. 1, Philadelphia County, September T., 1924, No. 425, in the case of Josie Lyles v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TAULANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motions for judgment non obstante veredicto, and for a new trial.

*James F. Ryan,* and with him *J. J. K. Caskie,* for appellant.

*William D. Long,* and with him *George C. Klauder,* for appellee.

OPINION BY LINN, J., April 26, 1928:

Defendant complains (1) that its motion for judgment n. o. v. was refused, and (2) that the verdict was so excessive as to require a re-trial.

Plaintiff was a guest, occupying with three others, the rear seat of an automobile that was struck by defendant's street car at 61st and Vine Streets in Philadelphia shortly after midnight August 28, 1924.

There was evidence to support the averment that defendant was negligent; we may therefore not interfere with the verdict on the first ground urged.

Defendant's street car moved east on Vine Street (50 feet wide between curbs) and approached 61st Street (40 feet wide between curbs), without warning and at a rate of speed variously described as excessive by witnesses for plaintiff, but at least at a rate sufficient to continue on Vine Street a car length east of the house line of 61st Street, pushing the automobile ahead of it and throwing two of its occupants into the street.

Plaintiff also introduced in evidence, without objec-

tion, an ordinance of Philadelphia providing that street cars shall, in the circumstances described in the ordinance, make a full stop or a safety stop; defendant's car did neither: see Murphy v. P. R. T. Co., 285 Pa. 399, 403; Boyle v. P. R. T. Co., 286 Pa. 536, 540.

There was evidence that as the driver of the automobile coming north on 61st Street approached Vine Street he blew his horn; that when the automobile had reached the Vine Street house line, the street car was leaving a street 140 feet west of the west house line of 61st Street; that when struck, the front wheels of the automobile had already crossed the north rail of the car tracks.

No complaint is made of the charge to the jury, in which the contributory negligence of plaintiff was submitted.

The verdict is not excessive within the familiar rule applied in Woolheater v. Mifflin Twp., 74 Pa. Superior Ct. 557, 560, and cases following it.

Judgment affirmed.