# Paul Heating and Specialty Company v. Logan Township School District

*Robert W. Smith,* for plaintiff; *George G. Patterson,* for defendant.

PATTERSON, P. J., July 25, 1932.—Plaintiff seeks to recover from the defendant, Logan Township School District, in an action of trespass for failure to require F. S. Tierney, contractor, to furnish an additional bond as required by the Act of May 6, 1925, P. L. 546, which provides as follows:

"That it shall be the duty of all counties, cities, boroughs, towns, townships, school districts, and poor districts in the improvement of lands, or in the erection, alteration, addition, or repair of edifices and public buildings, of any kind, in said districts, to require of the contractor or contractors, employed in or about said improvements, an additional bond, with sufficient surety or sureties, providing for the payment of all labor and material entering into the said improvements."

The plaintiff makes claim for material and labor furnished the contractor. The defendant filed an affidavit of defense in the nature of a demurrer to the plaintiff's statement, averring that the defendant school district was not legally liable to the plaintiff on the plaintiff's statement of claim. The School District of Logan Township is a subdivision of the Commonwealth of Pennsylvania, organized for the specific purpose of providing schools and schooling for the children of the Commonwealth, and is not liable for the negligence of the school board in failing to require the contractor to furnish a bond to secure subcontractors and materialmen. Under the law, as held in many cases, the school district cannot be charged with the negligence of its officers for the reason that it is a part of the Commonwealth existing for a specific purpose: Ford *v.* Kendall Borough School District, 121 Pa. 543. Neither the school district nor the officers are liable for misfeasance and nonfeasance in office.

In Gerstner *v.* Ayers et al., 8 D. & C. 730, 732, it is held:

"The school system of the Commonwealth of Pennsylvania, under the Constitution and School Code, is a quasi-municipal corporation and partakes of the nature of a public charity. In the School District of the City of Erie *v.* Fuess, 98 Pa. 600, Mr. Justice Trunkey held: 'School districts are corporations of lower grade and less power than a city, have less the characteristics of private corporations and more of a mere agent of the State. They are territorial divisions for the purposes of the common school laws, and their officers have no powers except by express statutory grant and necessary implication, and these are for the establishment and maintenance of the public schools. The common school system partakes much of the nature of a public charity, extends over the whole State, is sustained by the public moneys, and the directors, who devote much time and labor for the public benefit, receive no compensation for their services. Unless exempted by the act of incorporation or by law, a private

corporation is liable for the wrongful acts and neglects of its officers done in the course and within the scope of their employment, the same as a natural person is for the acts and neglects of his servant or agent. A less stringent rule applies to public corporations, and least stringent of all should be applied to school districts, whose officers have limited and defined powers in a system exclusively for the free education of the children of the Commonwealth. The directors, as a board, must exercise their powers—the board may make contracts, may authorize a committee to make a contract, and may appoint an agent for a proper and specific purpose. One or more of the directors, without authority from the board, can make no contract binding upon the district, cannot change a contract, can do no act fixing the district for a liability.' "

School districts as subdivisions of the Commonwealth are in many respects like townships, boroughs and cities. However, by a long line of decisions, school districts and their boards are held to be not liable for the negligence of their officers and employes. This is true, notwithstanding the act of assembly imposed on the school district the duty of requiring a bond such as the plaintiff complains it failed to require in the present case.

The question of the school district's liability in this respect is fully discussed in the case of Cousins v. County of Butler, 73 Pa. Superior Ct. 86, 93, as follows:

"In Ford v. School District, supra, Chief Justice Gordon, referring to the liability of townships for negligence of supervisors in the care and maintenance of public roads said: 'It is very true, that in support of the plaintiff's contention we have many analogous cases where damages have been recovered against townships, and other municipalities, resulting from the negligence of their officers in the construction and maintenance of their streets and highways, and for such cause the public treasury has been obliged to make good private loss. The reason for this rule is not very obvious. It is based upon the idea that, as upon municipalities the legislature has imposed the duty of maintaining public highways, therefore they are responsible for a neglect of that duty. But as the same reason will apply to all cases in which a duty is imposed, so should the same rule be applied to the police, fire, sanitary and pauper departments of municipalities, though, as we have seen, it does not so apply. All we can say is, that for the one class of cases we have precedent on which to rest, and in the other, we have no such precedent but rather the contrary. Reason is all with the latter view of the subject, for the conclusion that the public should be held responsible for the misconduct of its supervisors of highways, is just as illogical as that it should be so held for the misfeasance of its constables and overseers of the poor. But we are not disposed to quarrel with decisions, or unsettle old and well-established rules, hence we have but to say that whilst the doctrine respondeat superior does apply to townships, boroughs, and cities, so far as streets and roads are concerned, it does not apply to school districts.' It is to be noted that the school district in this case was held not liable for the negligent act of its janitor in using crude petroleum to start the fire, notwithstanding the fact, that the statute in force at that time, May 8, 1854, P. L. 617, imposed on the school district not only the duty of erecting and maintaining school houses, but also the specific injunction to supply the same 'with the proper convenience and fuel:' Section 23, Clause II. And in the case of Rosenblit v. Philadelphia, supra [28 Pa. Superior Ct. 587], the duty of the school directors to repair the school room from which a part of the ceiling fell, causing the injury in suit, was expressly recognized." See, also, Scibilia v. Philadelphia, 279 Pa. 549.

There is therefore no legal duty imposed upon the defendant school district under the law. The defendant, being a municipal subdivision of the Common-

wealth of Pennsylvania, cannot be charged with failure to perform an alleged legal duty. The demurrer is hereby sustained and the action in trespass is dismissed, at the cost of the plaintiff.