## Commonwealth to the use of Sabocheck v. The New Amsterdam Casualty Co.

Before CARSON, P. J., CUMMINS and WEINER, JJ.

*McCune & Greenlee* and *Stephen I. Richman,* for plaintiff.

*Oliver N. Hormell,* for defendants.

CARSON, P. J., August 7, 1963.—Plaintiffs filed an action in assumpsit in two counts against defendants on a cause of action which arises out of a factual circumstance which ordinarily sounds in trespass. In the spring of 1961, plaintiff, Anne Sabocheck, fell while entering the court house of Washington County to pay her taxes. The fall was alleged to have occurred because of the negligence of the three individual defendants, who are the Commissioners of Washington County, who allegedly failed in the performance of their obligation in that they permited accumulations of ice and failed to remove the same or warn plaintiff of the dangerous or hazardous condition, and in failure to exercise proper care to maintain the steps in a proper condition and in selecting maintenance personnel who were

to keep the steps in a proper and safe condition. The second count of the complaint alleges consequential damages to the husband of Anne Sabocheck, by reason of the accident which occurred in the spring of 1961. Defendants filed preliminary objections to the complaint which are:

1. The facts alleged in the complaint do not set forth a contract of quasi-contractural relationship between plaintiffs and defendants.

2. There is no contract duty owed plaintiffs by defendants.

3. The cause of action alleged by the complaint is for consequential damages which, at common law, would have been recovered in trespass, and plaintiffs cannot now recover them in assumpsit.

4. The alleged cause of action is contrary to public policy and prohibited thereby.

5. The facts alleged in the complaint do not set forth a valid cause of action in assumpsit.

6. The facts set forth in the complaint sound in tort and defendants, Francis E. Pettit, J. Blatch Cummins and John Mazza, were at all times acting in their official capacity as Commissioners of Washington County, performing purely governmental functions, and, therefore, there is no liability imposed upon them for the alleged injuries and damages suffered by plaintiffs.

7. The facts set forth in the complaint and the remedy claimed by plaintiffs are beyond the lawful purpose, scope and intent of a public official bond and no liability to plaintiffs exists against either the principal or surety on said bond or bonds.

8. There is an exclusive remedy provided by statute relating to actions upon official bonds and plaintiffs have failed to pursue said remedy.

9. Plaintiffs have violated the Pennsylvania Rules of Civil Procedure by suing in assumpsit and cannot claim

to have waived the tort to sue in assumpsit, since, at the present time, there is pending in the Court of Common Pleas of Washington County an action in trespass at February term, 1963, A. D., no. 472, which is based upon the same facts, occurrences and/or circumstances as averred in the complaint in asssumpsit.

10. The notice of injury alleged by plaintiffs to have been made upon the county controller on April 18, 1961, in paragraph 11 of plaintiffs' complaint, is not sufficient notice and is contrary to the provisions of the Act of July 1, 1937, P. L. 2547, 53 PS §5301.

11. The action of plaintiffs in suing in assumpsit is an attempt to circumvent the law providing immunity for governmental functions against tortious acts, and, therefore, is contrary to law and does not constitute a valid cause of action.

The last allegation to the demurrer, that is no. 11, stating that the suit in assumpsit is an attempt to circumvent the law providing immunity to the county in performance of governmental functions and, therefore, does not constitute a valid cause of action, appears to be the most important hurdle with which plaintiffs are faced in pursuing their claims. The question, more simply stated, is whether or not defendant insurance companies are liable on their bonds for the personal negligence of defendant commissioners in the performance of their duties. The County Code, Act of August 9, 1955, P. L. 323, 16 PS §421, provides:

"Each official bond shall be conditioned upon the faithful discharge by the county officer, his deputies, clerks, assistants and appointees of all trusts confided in him by virtue of his office, upon the faithful execution of all duties required of him by virtue of his office, upon the just and faithful accounting or payment over, according to law, of all moneys and all balances thereof paid to, received, or held by him by virtue of his office and upon the delivery to his successor or successors in

office of all books, papers, documents or other official things held in right of his office."

Plaintiffs rely on that portion of this section which states that . . . "each official bond shall be conditioned upon the faithful discharge by the county officer, his deputies, clerks, assistants and appointees of all trusts confided in him by virtue of his office, upon the faithful execution of all duties required of him by virtue of his office, . . ."

Plaintiffs contend that this language is broad enough to permit recovery on the bonds provided by the insurance company defendants. Plaintiffs also cited the case of Commonwealth to the use of Orris v. Roberts, 392 Pa. 572 (1958), in support of their contentions that defendant commissioners' negligence as alleged in the complaint permits recovery by plaintiffs. In the Roberts case, plaintiff had sued a prothonotary for damages resulting from the erroneous indexing of a judgment by a deputy prothonotary. The court held that defendant could not be liable, unless he had personally made the error in indexing the judgment. Plaintiffs attempt to draw an analogy to the Roberts case in that the complaint alleges that which plaintiffs term "personal negligence" on the part of defendant commissioners. This court believes that the proper analogy to the Roberts case would be that if the county commissioners had personally performed the maintenance and care of the steps of the court house, then they might be held liable, but, in the absence of doing the work involved personally, they cannot be held liable.

Plaintiffs do not show any controlling authority against restriction of bond protection merely to embezzlement or misappropriation of fund cases and cite only a dissenting opinion in the case of Commonwealth to the use of Orris v. Roberts, supra. The County Code, 16 PS §422, provides:

"(a) Each official bond shall be taken in the name of the county, and shall be for the use of the county and the Commonwealth and for the use of such other person or persons for whom money shall be collected or received, or as his or her interest shall otherwise appear, in case of a breach of any of the conditions thereof by the acts or neglect of the principal on the bond. . ."

This section refers only to money collected or received, or to an individual's interest in that money as it shall otherwise appear.

It would appear then that there is no authority to permit plaintiffs to do indirectly that which the governmental immunity provisions of the Pennsylvania law provide cannot be done directly.

In the case of Hartness v. Allegheny County, 349 Pa. 248, the Supreme Court stated the nature of this immunity as follows:

"It [the law] distinguishes between the acts of municipalities done in their proprietary or business capacity and those which they perform as functions of government delegated by the State. As to the former the doctrine of respondeat superior applies; as to the latter, it does not."

The Supreme Court also pointed out in the case of Boorse v. Springfield Township, 377 Pa. 109 (1954), that exceptions to this immunity would be cases involving highway construction, the building of public works or the maintenance of a nuisance. The present case does not involve any of these exceptions. The case of Hartness v. Allegheny County, supra, 349 Pa. 248, had many similar factual circumstances. In that case, plaintiff, on a business errand to the Allegheny County Court House, was struck as he left the court house by a quantity of ice, which fell from the roof of the court house. Hartness brought suit against Allegheny County, and the Supreme Court affirmed the nonsuit, holding that the court house building was primarily dedicated to gov-

ernmental functions, and there could be no recovery against the county and governmental subdivision. Plaintiffs point out that their suit is against the commissioners of the county, individually, but it has been held that the governmental immunity extends not only to the counties but to their representatives as well.

Although plaintiffs purport to sue the commissioners of the county individually on their personal bonds, and the insurance companies, as their bondsmen, this court is of the opinion that the only duty owed by the commissioners was their duty as commissioners, that is, as representatives of the county, and that no duty was owed by them to maintain the court house steps as individuals. The suit is, therefore, against them in a representative capacity and, as such, they are an integral part of the county government and entitled to the same immunity as the county itself. As was pointed out previously, the limitations of the bonds themselves precluded suit against the commissioners in their capacity as commissioners on these bonds.

While this court admires the ingenuity of counsel for plaintiffs in presenting such a novel theory to this court, we are unable to reconcile the traditional position that the official bond of the county commissioners is for the protection of public funds in the hands of county officers and not for the protection of persons who may be injured incidentally in the performance of county governmental functions: Cousins v. County of Butler, 73 Pa. Superior Ct. 86. Therefore, this court holds that the demurrer to the complaint in assumpsit should be sustained, and, this being the case, no discussion of the other matters raised in the preliminary objections need be undertaken.

Wherefore, the following order:

### Order

And now, August 7, 1963, it is hereby ordered that the preliminary objections in the nature of a demurrer

to the complaint in the above-captioned case is hereby sustained, and the complaint dismissed.

Concurring: Cummins and Weiner, JJ.

### Order

And now, August 7, 1963, an exception is noted for plaintiffs.